In the Matter of the Application of ANNA TRICOMI, Appellant, for an Order Dissolving Her Marriage to NICOLINI TRICOMI, Respondent.

Second Department, November 10, 1922.

Husband and wife — dissolution of marriage under Domestic Relations Law, § 7-a, on ground of absence — publication of notice of presentation and object of petition — notice required by Rules of Civil Practice, rule 52, need not be published — sufficiency of notice of presentation and object of petition.

In a proceeding to have a marriage dissolved under section 7-a of the Domestic Relations Law on the ground that the other spouse had been absent for five successive years, it is not necessary to a complete publication of the notice required by the statute that there should be published in connection therewith the notice required by rule 52 of the Rules of Civil Practice.

Section 7-a of the Domestic Relations Law is fully complied with where the notice published gives notice of the presentation and object of the petition; is published the length of time required for the publication of a summons in two newspapers; is directed to the husband or wife as the case requires and states the time and place of hearing of said petition.

APPEAL by the petitioner, Anna Tricomi, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 28th day of September, 1922, denying her application for an order dissolving her marriage.

*Herbert Peake,* for the appellant.

No appearance or brief for the respondent.

JAYCOX, J.:

This is an application for the dissolution of the marriage between the petitioner and one Nicolini Tricomi, under the provisions of section 7a of the Domestic Relations Law. This is a new section added to the Domestic Relations Law by chapter 279 of the Laws of 1922 and took effect March 25, 1922. The proceeding is instituted by filing a duly verified petition in the Supreme Court showing that the husband or wife of the petitioner has absented himself or herself for five successive years then last past without

being known to such petitioner to be living during that time, and that the petitioner believes him or her to be dead; that diligent search has been made to discover evidence showing that such husband or wife is living and that no such evidence has been found.

The petitioner in this proceeding filed such a petition and thereupon, pursuant to said section, an order was made directing the service of the notice therein mentioned by publication. A notice was published and proof of the publication filed. The learned judge at Special Term denied the application for the dissolution of the marriage " for the reason that the proof of publication does not comply with Rule 52 of the Rules of Civil Practice." The provision of section 7a of the Domestic Relations Law in relation to the publication of such notice reads as follows: " The court shall thereupon by order require notice of the presentation and object of such petition to be published in the same manner as required for the publication of a summons in an action in the Supreme Court where service of such summons is made by publication; such notice shall be directed to the husband or wife who has so absented himself or herself and shall state the time and place of the hearing upon such petition, which time shall be not less than twenty days after the completion of the publication of such notice; and if the court, after the filing of proof of the proper publication of said notice and after a hearing and proof taken, is satisfied of the truth of all the allegations contained in the petition, it may make an order dissolving such marriage." The following is a copy of the notice as published:

" SUPREME COURT, KINGS COUNTY.— In the matter of the application of Anna Tricomi for an order dissolving her marriage to Nicolini Tricomi.

" To Nicolini Tricomi, above named:

" WHEREAS, Anna Tricomi has presented a petition to the above court showing that her husband, Nicolini Tricomi, has absented himself for five successive years last past without being known to her to be living during that time; that she believes him to be dead; that a diligent search has been made to discover evidence showing him to be living, and no such evidence has been found, and asking that her said marriage be dissolved; Now, pursuant to an order duly made and entered in the above proceeding, dated June 27th, 1922, a hearing will be had upon said petition at a Special Term, Part II, of the Supreme Court of the State of New York, in the County Court House, Kings County, Brooklyn, N. Y., on September 13th, 1922, at 10 o'clock in the forenoon.

" Dated at Kings County, New York, June 28, 1922.

"ANNA TRICOMI, *Petitioner.*"

This notice seems to be a complete compliance with the law. The law requires that the notice published shall give notice of the presentation and object of the petition and shall be published in the same manner as required for the publication of a summons in the Supreme Court where such service is made by publication. The notice in this instance states the fact of the presentation and object of the petition; it has been published the length of time required for the publication of a summons, in two newspapers, as required by the Rules of Civil Practice (Rule 50 *et seq.*) in relation to publication of such summons. The law further requires that it shall be directed to the husband or wife, as the case requires, and that has been done. It is required to state the time and place of hearing of such petition; that is stated; and that is all that the law itself requires. Rule 52, to which reference is made in the order appealed from, relates to the publication of a summons, and that rule requires that a notice in substantially the following form shall be annexed to the summons as published:

" ' To . . . . . . . . : The foregoing summons is served upon you by publication pursuant to an order of . . . . . . . . ' (naming the judge and his official title), ' dated the . . . . day of . . . . . . . . , 19. ., and filed with the complaint in the office of the clerk of . . . . . . . . at . . . . . . . . .' "

Was it necessary to annex such a notice to the notice published in this action? The rule in relation to publication of such a notice says that this notice is to be directed only to the defendant or defendants thus to be served. The reason for that rule is that in many actions numerous defendants were named and it was essential that the parties against whom the summons was published should have some notice that it was served by publication upon those particular defendants. There was, however, no occasion for any such notice in this case. The notice was addressed to the defendant only, and it informed him of everything that the statute required. Nothing could be added to it by an attempted compliance with the rule in question. The notice as published complied with the statute, and the petitioner should not be required to do more.

The order appealed from should be reversed.

BLACKMAR, P. J., MANNING, KELBY and YOUNG, JJ., concur.

Order reversed.