JOSEPH H. LAMBERT, Respondent, *v.* MAE LAMBERT, Appellant.

(Argued March 13, 1936; decided April 14, 1936.)

*Vincent J. Loughlin* for appellant. Mere form should never be substituted for substance, nor technicalities for merit. (*Matter of Tricomi,* 203 App. Div. 207; *Pitcairn* v. *Pitcairn,* 119 Misc. Rep. 37; *Gall* v. *Gall,* 114 N. Y. 109.) The court acquires jurisdiction by the service of the summons and not by its proof of service. (*Winter* v. *Winter,* 229 App. Div. 750; 256 N. Y. 113; *Mishkind* v. *Sidorsky,* 189 N. Y. 402; *Loring* v. *Binney,* 38 Hun, 152; 101 N. Y. 623; *Valz* v. *Sheepshead Bay Bungalow Corp.,* 249 N. Y. 122.) The authority of the court to act in a dissolution proceeding is found solely in the provisions of section 7-a of the Domestic Relations Law (Cons. Laws, ch. 14). (*Matter of Tricomi,* 203 App. Div. 207; *People ex rel. Wogan* v. *Rafferty,* 208 N. Y. 451; *Fink* v. *Wallach,* 109 App. Div. 718.) Irregularities in the proceedings were cured by the *nunc pro tunc* order. (*Valz* v. *Sheepshead Bay Bungalow Corp.,* 249 N. Y. 122; Code Civ. Proc. §§ 721, 722; Civ. Prac. Act, § 109.)

*Emil Rubenstein* for respondent. Appellant's failure to file the petition and order of publication in the dissolution proceeding in the County Clerk's office on or before the first day of publication, was fatal, and the court never acquired jurisdiction. (*Whiton* v. *Morning Journal Assn.,* 50 N. Y. Supp. 899; *Fink* v. *Wallach,* 96 N. Y. Supp. 544; *Wilson & Co.* v. *Banque Francaise Due Mexique,* 208 N. Y. Supp. 213.) Section 7-a of the Domestic Relations Law provides that proof of publication of notice and object must be filed before the court may make a decree. Such proof was never filed in the County Clerk's office. (*Townsend* v. *Townsend,* 100 N. Y. Supp. 464; *Wilson & Co.* v. *Banque Francaise Due Mexique,* 208 N. Y. Supp.

213.) The dissolution proceedings, being purely statutory, required strict compliance with every provision of the statute. (*Glinski* v. *Glinski*, 225 N. Y. Supp. 505.) The dissolution proceedings having been jurisdictionally defective, the *nunc pro tunc* order must be deemed a nullity. (*Barleycorn* v. *Woolley*, 179 N. Y. Supp. 518; *Fink* v. *Wallach*, 96 N. Y. Supp. 544; *Wilson & Co.* v. *Banque Francaise Due Mexique*, 208 N. Y. Supp. 213; *Valz* v. *Sheepshead Bay Bungalow Corp.*, 249 N. Y. 122.)

FINCH, J. This is an action brought by the plaintiff husband to annul his marriage to the defendant on the ground that at the time of his marriage to her she was the lawful wife of another.

These parties were married on September 10, 1925. After living together for approximately a year and a half the defendant obtained a legal separation with an award of alimony which was paid until the plaintiff obtained judgment of annulment.

The defendant had been previously married to one Alonzo Rogers. That marriage took place in 1897. In 1909 Rogers abandoned the defendant and the last she saw or heard of him was in 1913. Diligent search and inquiry for him proved futile. In 1925 after the defendant had become acquainted with the plaintiff she instituted a proceeding to obtain a divorce from Rogers pursuant to the so-called " Enoch Arden Law " (Dom. Rel. Law [Cons. Laws, ch. 14], § 7-a), and when the plaintiff asked her to marry him she explained the situation to him. The order of dissolution of the marriage was signed on September 10, 1925, and on that very day the plaintiff married the defendant.

He now seeks to have the marriage annulled on the ground that the order obtained by the defendant dissolving her marriage with her former husband was invalid because of lack of jurisdiction by the court granting the order.

The record shows that pursuant to section 7-a of the Domestic Relations Law a petition was drawn by the

attorney for the defendant and duly signed and verified by her. Upon that the order of publication was signed by a justice of the Supreme Court on the 13th day of May, 1925. Pursuant to that order the summons was duly published in two Buffalo newspapers for the prescribed period. Before the hearing was held the attorney for the defendant submitted the papers in the matter to the clerk of the court who " O. K'ed them." The hearing was then held before a justice of the Supreme Court, who signed the order dissolving the marriage, which order was entered in the minutes of the County Clerk. Later it was discovered that the papers in the dissolution proceeding were not filed in the office of the County Clerk. Thereupon a *nunc pro tunc* order again purporting to dissolve the marriage was obtained and filed in the County Clerk's office in August of 1928, but even this order was not indexed. The plaintiff maintains that the dissolution proceedings were jurisdictionally defective because the petition and order of publication were not filed in the County Clerk's office on or before the first day of publication and were never filed and that proof of publication was never filed. At Special Term the complaint in this annulment proceeding was dismissed. The Appellate Division, however, reversed and granted a judgment of annulment.

Were there defects in the Enoch Arden proceedings which were jurisdictional and destroyed the validity of the judgment entered therein? Section 7-a of the Domestic Relations Law provides for dissolution of marriage on the ground of absence for five years where the absent party is believed to be dead and after diligent search no evidence is found to show that he is still alive. At the time of the dissolution proceedings involved this section provided: " * * * the court shall thereupon by order require notice of the presentation and object of such petition to be published in the same manner as required for the publication of a summons in an action in the supreme court where service of such summons is made by publication."

The manner of service by publication is not found in the Civil Practice Act, section 232 of that act merely providing the cases in which service by publication may be employed. This is found in Rules of Civil Practice, rules 50–52. Rule 50 prescribes the manner of service by publication. Rule 51 gives the time in which the publication must be made and the method of reckoning the time of completion of service. Rule 52 provides that " * * * the summons, complaint and order and the papers on which the order was made must be filed with the clerk on or before the day of the first publication * * *," and contains a notice which must be annexed to and published with the summons.

Admittedly there has not been strict compliance with the provisions of rule 52. The papers were not filed with the County Clerk prior to the publication of the petition. Does this failure to comply with the details of procedure outlined in the rule make it necessary to hold that the dissolution of the marriage was invalid and that the subsequent marriage which continued over a period of five years, during more than a year and a half of which the parties were living together as man and wife, was a nullity?

Rules of Civil Practice are not statutory enactments. They are rules formulated and adopted by the justices of the Appellate Division. Such rules, when validly made, have the force and effect of statutes. (*Matter of Moore*, 108 N. Y. 280; *Sachs* v. *Blum*, 241 App. Div. 384.) But a rule inconsistent with a statute is inoperative. (*Gormerly* v. *McGlynn*, 84 N. Y. 284; *French* v. *Powers*, 80 N. Y. 146; *Broome County Farmers' F. R. Assn.* v. *N. Y. State Elec. & Gas Corp.*, 239 App. Div. 304.)

The contention that the only rule of practice applicable to proceedings pursuant to section 7-a of the Domestic Relations Law is rule 50 carries much weight. Section 7-a merely provided that the publication should be made in " the same manner as required for the publication of a summons." Rule 50 provides the manner of publication.

Rule 51 is at least in part inapplicable since it fixes the time when the service shall be complete and is in conflict with a similar time provision contained in section 7-a. The pertinent part of rule 52 does not deal with the manner of service or of publication but rather with the filing and the time of such filing. Thus it might be held that rule 52 does not apply to proceedings under the Enoch Arden Law. It is unnecessary, however, to go this far.

Even if we should assume that rule 52 is applicable in addition to rule 50, the Special Term had a right to waive strict compliance with its terms in this dissolution proceeding. Jurisdiction is obtained by service and the failure of proof of service does not render the service void or the jurisdiction defective. (*Winter* v. *Winter*, 256 N. Y. 113.) In view of the general requirement of section 7-a that the manner of service of publication be followed it cannot be held that the filing of the papers prior to the publication is an essential of service and that the failure to file renders the service defective. The courts have held already that in Enoch Arden proceedings it is not necessary to comply with rule 52 in so far as it requires that the notice contained in the rule must be annexed to the notice of publication. (*Matter of Tricomi*, 203 App. Div. 207.) Even under our present system where the judicial department is not free and responsible to itself alone but must conform to an inflexible procedure prescribed by the Legislature, still the courts are permitted to disregard mistakes, defects and irregularities in process, pleadings, and other proceedings " not being against the right and justice of the matter." (Civ. Prac. Act, § 109; *Valz* v. *Sheepshead Bay Bungalow Corp.*, 249 N. Y. 122, 123.) In accordance with this section the courts feel free, where no injustice is done, to overlook rules of evidence and rules dealing with such details of practice as have been committed to them. Such defects may be disregarded or cured either before or after judgment where no sub-

stantial right of any party is thereby prejudiced. Who could be prejudiced in the case at bar? Alonzo Rogers, the first husband, has not made an appearance. In fact, the only proof that we have that he is still alive is the deposition by his brother that he has communicated with him through the mails. Nor can the plaintiff complain. He knew of the entire situation before he married the defendant. He cannot now claim that because of the failure to file the papers he was not put on notice of the existence of an earlier marriage. To enforce strict compliance with this rule of practice would work injustice rather than promote that justice which is the object of the rules. Since jurisdiction has been obtained and nobody is prejudiced the courts may waive strict compliance. (*Broome County Farmers' F. R. Assn.* v. *N. Y. State Elec. & Gas Corp., supra.*)

The judgment of the Appellate Division should be reversed and that of the Trial Term affirmed, with costs in this court and in the Appellate Division.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, CROUCH and LOUGHRAN, JJ., concur.

Judgment accordingly.