Frederick J. Esteves, Jr., as Administrator of the Estate of Barbara Esteves, Deceased, Plaintiff, *v.* Frank Swobodzien, Defendant.

Supreme Court, Special Term, Queens County, June 9, 1949.

*James C. Barry* for plaintiff.

*Ira H. Newman* for defendant.

DALY, J. Motion by the plaintiff to strike from the defendant's answer the defense of the Statute of Limitations, on the ground that it is sham and frivolous.

This is a wrongful death action, arising out of an accident which occurred on February 14, 1947, and which resulted in the decedent's death on February 16, 1947. An order was made permitting substituted service upon the defendant, and pursuant thereto, a copy of the summons and verified complaint, together with a copy of the order, was left at the residence of the defendant, on the afternoon of February 14, 1949, with a person who represented herself as his mother. The order for substituted service, together with the papers upon which it was granted, were filed in the office of the county clerk on March 3, 1949, together with the affidavit of service.

The defense sought to be stricken is to the effect that the action was not commenced within two years after the death of the decedent — in other words, that the commencement of the action was as of the date of the filing of the order for substituted service and proof of service thereof on March 3, 1949, rather than the actual service pursuant thereto on February 14, 1949. The defendant argues that the two-year Statute of Limitations, prescribed by section 130 of the Decedent Estate Law, expired before the service of process herein was complete pursuant to the provisions of section 231 of the Civil Practice Act which provides that substituted service is complete ten days after proof thereof is filed. It is also urged that rule 103 of the Rules of Civil Practice, pursuant to which this motion is made, is inapplicable to the situation here presented. I am unable to agree with these views.

The second paragraph of rule 103 of the Rules of Civil Practice specifically provides that a general or specific denial or " *an affirmative defense* * * * may be struck out where * * * *sham* " (italics mine). The term sham has been defined as something which is false in fact, although good in form (*Fleischer* v. *Terker,* 259 N. Y. 60; *Purdy* v. *McGarity,* 262 App. Div. 623). Unquestionably, the defense here sought to be stricken is good in form, but its falsity can be shown only dehors the pleadings. Such falsity is shown by the affidavits which have been submitted, and which are permissible by rule 103 of the Rules of Civil Practice where the ground of the objection is that the matter is sham. Since there is no denial of the plaintiff's statement that the

defendant was served with a summons and complaint pursuant to the order of substituted service, on February 14, 1949, or two days before the expiration date of the two-year period following the death of plaintiff's intestate, the assertion of the defense of the Statute of Limitations is sham. It is the actual service of the summons and complaint, rather than the proof of such service which confers jurisdiction (*Colonial Discount Co.* v. *Martel,* 73 N. Y. S. 2d 8, and the cases cited at p. 9). The ten-day period required by section 231 of the Civil Practice Act before the service is deemed complete " is simply a matter of grace to allow actual notice to be brought to the defendant before the beginning of the twenty-day period allowed defendant to answer." (*Colonial Discount Co.,* v. *Martel,* p. 9.)

Accordingly, the motion is granted, and the present answer may be marked with reference to the order to be entered hereon.

Submit order.