Matthew M. Levy, J.
The plaintiff has presented an ex parte application to direct the filing nunc pro tunc as of May 10, 1954 of an order for substituted service theretofore made, together with proof of service thereof upon one of the defendants in this foreclosure action. The issue which comes to mind is one of appropriateness, if not indeed of jurisdiction. Since the future title to real property is here involved, that issue is particularly important.
When an order for substituted service of process is made by the court in pursuance of section 230 of the Civil Practice Act, such order and the papers on which it was granted “ must be filed, service made and proof of service filed within twenty days after the order is granted; otherwise the order becomes inoperative”. (Civ. Prac. Act, § 231. Emphasis supplied.) There thus appear to be three requirements set out in the statute: (1) that the order and its supporting papers must be filed, (2) that service must be made, and (3) that proof o'f such service must be filed — all within 20 days after the order is granted. The plaintiff here has failed to comply with the first and third conditions. Can and should the filing be directed nunc pro tunc?
While I have, in my researches, come across an unreported * nisi prius case (which will be considered later in this memorandum), I have, regretfully, been unable to find any authoritative precedent precisely in point. Some of the other decisions will be mentioned here: In Lella v. Holman (166 Misc. 796) the question of filing an order nunc pro tunc was not raised. In O’Donnell v. Treckmann (131 N.Y. S. 2d 464) service was not made within the prescribed 10-day period. In Air Conditioning *725 Training Corp. v. Pirrote (270 App. Div. 391) the papers were filed in time, but the affidavit of service as filed was defective, in that it failed to show an attempt first to find a person of suitable age who would accept service; the court held that the omission was not a jurisdictional defect, but an irregularity that could later be corrected. In Colonial Discount Co. v. Martel (73 N. Y. S. 2d 8) the order permitting substituted service and proof of service were also filed in due time; the question before the court concerned the date of service, and the court held that the action was commenced when service was made upon defendant. Esteves v. Swobodzien (195 Misc. 956) also supports the principle that the date of the commencement of the action is the date of actual service of the summons, rather than the date of the filing of proof of such service. In Cooper v. Amehler (178 Misc. 844) the court held that a third-party action under section 29 of the Workmen’s Compensation Law is commenced when service of the summons is actually made on the Secretary of State in pursuance of section 52 of the Vehicle and Traffic Law. Valz v. Sheepshead Bay Bungalow Corp. (221 App. Div. 280, affd. 249 N. Y. 122) was an action to set aside a foreclosure judgment on the ground that the nonresident defendants there were not properly served with the summons, complaint and order of publication (although in actual receipt thereof) — in that the publication was made in the Broohlyn Daily Eagle instead of the Broohlyn Daily Times as required by the order of publication, which was timely filed; the court held that the defect could be cured by a nunc pro tunc order. Carmody states that “ [d]elay in filing the proof of service, does not make the service invalid ’’ (2 Carmody on New York Practice, p. 1211) and the citations relied upon by him support the general text (Dealers Lumber Corp. v. Stauffer, 128 Misc. 358; Lauder v. Meserole, 148 App. Div. 739).
But in none of these eases is the present issue resolved. For in none of them was there even any intimation — much less holding — that, had there been no filing whatsoever, the court might (with jurisdiction and propriety) direct a completely new filing nunc pro tunc. And, at this point, I should say that I am constrained not to follow the decision of the learned County Court of Suffolk County in the unreported case to which I made reference earlier in this memorandum — where the omission to file the order of publication within the statutory period was held to be but a procedural defect which might be corrected nunc pro tunc (Burger v. Lawson, 2 Misc 2d 322). The Air Conditioning case (supra) is cited as the authority for the holding; but, as *726 I have heretofore noted, that case did not at all deal with the question of the in limine nonfiling of the order.
I see (clearly enough for me) some specific danger in approving the plaintiff’s present procedure. And that very danger is pin-pointed by the contention of the plaintiff himself. He urges that, since it is the fact of service which commences the action (and not the fact of filing of proof thereof), the defendant’s time to answer in this case has already expired and that the defendant is in default. Of course, that would be the necessary result of the granting of the plaintiff’s present application to file the papers nunc pro tunc. While I go along with the proposition that for certain purposes the action is deemed to have been commenced when service is made — rather than when proof of service is filed — it does not follow that the defendant’s time to appear begins to run from the first date. On the contrary, the statute expressly provides that the “ substituted service is complete ten days after proof thereof is filed ” (Civ. Prac. Act, § 231), and that means that the time of the defendant so served to appear will therefore not expire until 20 days after such filing (Civ. Prac. Act, § 237). But there still remains a very definite objection to the allowance of the plaintiff’s present application: to permit a filing nunc pro tunc would result in the defendant’s being ipso facto in default. In my opinion, that could not have been the jurisdictional intent of the Legislature, nor can that result be grounded upon the equitable exercise of the court’s discretion in passing upon this ex parte motion.
I have therefore come to the conclusion that I must deny this application as presented, and, moreover, that I may properly do so without undertaking at this time to determine whether that denial should be based on lack of jurisdiction or on refusal to act as a matter of discretion — for the result to the plaintiff is the same in either case. In rejecting the instant plea, however, I am not to be taken as holding that I think that the court does not have the power (upon good cause shown) to reactivate the earlier order for substituted service. By statutory mandate that order — because of nonfiling — has become “ inoperative ”, but (at least, in my view) it has not become nonexistent. If called upon to revive the order, the court would necessarily act in presente and in futuro — with due protection of the rights of the defendant, who should not (on a nunc pro tunc basis) be compulsorily placed in default.
I think it appropriate, however, to point out to the plaintiff, as somewhat of a caveat, that the Court of Appeals has said that “ [substituted service when provided by statute is in derogation of [the] * * * general rule [that service of *727 process upon an individual must be accomplished personally within the jurisdiction of the court to be effective], and, consequently, the directions thereof must be strictly construed and fully carried out to confer any jurisdiction upon the court.” (Erickson v. Macy, 231 N. Y. 86, 91.) It may therefore be that the plaintiff — rather than proceed on the basis of the possibly vulnerable old order (the efficacy of which may not be finally determined until the question of title arises) — would perhaps deem it more appropriate and even wiser to start de novo and (proceeding anew to serve the defendant either personally or by obtaining a fresh order for substituted service or for service by way of publication) precisely and duly to comply with the provisions of the statute.

 Subsequently reported at 2 Misc 2d 322.