Fred J. Munder, J.
This is a motion to permit the filing nunc pro tunc of the essential papers on substituted service as required by section 231 of the Civil Practice Act.
The order for substituted service was made on September 29, 1959. Substituted service in the manner required by section 231 of the Civil Practice Act is claimed to have been effected on October 1, 1959. The papers were proffered for filing on October 26, 1959, but the Clerk properly refused them. This motion was made on October 27, 1959, served by mail, and on the return date the defendant appeared specially in opposition. The reason offered for the late filing, the illness of the employee who was commissioned to file the papers on October 15, 1959, is not challenged and appears to me to be sufficient to excuse the error, if I am authorized by law to excuse it.
There appear to be only two Special Term decisions which have heretofore considered this problem. One, mine in Burger *451 v. Lawson (2 Misc 2d 322) was a litigated motion, the other Toubin v. White (2 Misc 2d 723) was ex parte. In the latter, however, Mr. Justice Matthew M. Levy reasoned that a strict construction of section 231, as it was amended by chapter 623 of the Laws of 1935 required the ruling that the failure to file divested the court of jurisdiction of the action.
This construction, following an ex parte application after two years of inaction, is completely understandable and a highly justifiable exercise of judicial discretion. But I do not agree that in no situation may an error be corrected when section 105 of the Civil Practice Act specifically provides that “ at any stage of any action ” a ‘ ‘ mistake, omission, irregularity or defect may be corrected or supplied ’ ’, and section 109 of the Civil Practice Act provides that the courts are permitted to disregard mistakes and defects in process “not being against the right and justice of the matter ”. “ Such defects may be disregarded or cured either before or after judgment where no substantial right of any party is thereby prejudiced ’ ’. (Finch, J., in Lambert v. Lambert, 270 N. Y. 422, 427-428.)
I think we should determine first whether or not there is an “action”. It seems to me that when a summons is served there is an action. Service is effected by delivery, not by filing. (Lambert v. Lambert, supra.) The service is not complete until 10 days after filing. This, however, relates to the defendant’s time to answer. It was the giving of a grace period which seems to have been the purpose of the 1935 amendment (Second Annual Report of N. Y. Judicial Council, 1936, p. 15; cf. Winter v. Winter, 256 N. Y. 113), not the divestment of jurisdiction already obtained by service of the process. I am satisfied that service having been made within 20 days from the date of the order an action was pending.
Now with an action pending, was it wiped out by failure to file the papers? I do not think so.
The 1935 enactment was a substantial re-enactment of the old rule 49 of the Rules of Civil Practice, formerly section 435 of the Code of Civil Procedure. After the adoption' of chapter 623 of the Laws of 1935 there was no reason for the rule, so it was rescinded. So whether the 1935 amendment to section 231 of the Civil Practice Act is or is not in derogation of the common law, or general rule is not too important. Actually it was in derogation of a statute which had long since abrogated the common law; but, in fine, it was a legislative enactment of a court rule principally for the purpose of extending to substituted service, and personal service outside the State, the 10-day grace period for appearance or answer which applied *452 on service by publication. This could not be extended by court rule. It required legislative action. (Winter v. Winter, supra.)
Assuming that the service was effected in the manner required by section 231 of the Civil Practice Act, and by the order, and within the 20-day time limit (the defendant’s additional claim of nonresidence is rejected as being insufficiently proved), does the nonfiling destroy the service? Section 231 of the Civil Practice Act says that the order and proof must be filed and service made within 20 days after the order is granted; otherwise “ the order becomes inoperative”. What does that mean? It does not say “the order becomes void ab initio.” It says ‘ ‘ becomes inoperative ’ ’ and that phrase looks to the future, not the past.
I think “ becomes inoperative ” was intended to kill the order if service was not made within the limited period allowed, so that service could not thereafter be effectively made. It is unrelated to the filing. The provision that ‘ ‘ service is complete ten days after proof thereof is filed ” merely extends the defendant’s time to answer. It is a warning to the court to see that proof is filed and 10 days have elapsed before it enters a default judgment.
The old rules required filing in cases of substituted service and personal service without the State, and also provided that service was not complete until 10 days after filing. These provisions were transferred to sections 231 and 233 of the Civil Practice Act by chapter 623 of the Laws of 1935. These rules, not being inconsistent with any statute and made under statutory authority (cf. Judiciary Law, § 83) had the force and effect of statutes. (Matter of Moore, 108 N. Y. 280.) When they were construed, the failure to file within the specified time was held not to be a jurisdictional defect. (Dealers Lbr. Corp. v. Stauffer, 128 Misc. 358; Lambert v. Lambert, supra.) I do not think that the transfer of the rule to a statute should change the judicial constructions that an action is commenced and jurisdiction is obtained by the service of the process, not by the filing of the proofs and that defects may be permitted to be supplied in the discretion of the court.
The nunc pro tunc (now for then) order should present no insurmountable problem if we apply the literal meaning to the statute rather than the convenient Latin phrase. There then would be no automatic default because of a fictitious filing date, but the 10-day grace period would start to run from the date of actual filing.
In our situation then, I am satisfied that my discretion should be exercised in favor of maintaining the jurisdiction obtained *453 by the service of the process in. this case. The prompt action of the plaintiff to remedy the defect, the obvious injustice of aiding an avoider of process to delay the action; and the certainty that no injury is caused where notice of .the action is undoubtedly possessed by the defendant, all justify this determination.
Consequently, I grant the motion of plaintiff to permit the filing nunc pro tunc of the papers and proofs required by section 231 of the Civil Practice Act.