Mario Pittoni, J.
This motion to cancel a lis pendens filed before the commencement of an action presents the question of whether completion of substituted service must be effected within *451 the 30-day period following the filing of the notice of pendency of the action.
The facts of the ease are undisputed. The lis pendens was filed on February 17, 1965, and substituted service of summons was made on March 11, 1965 (CPLR. 308, subd. 3). Proof of service of summons was filed in the office of the Clerk of Nassau County on March 22,1965, and service of summons became complete within the purview of CPLR 308 (subd. 3) within 10 days thereafter. Under CPLR 6512 “ A notice of pendency filed before an action is commenced is effective only if, within thirty days after filing, a summons is served upon the defendant ”, and 6514 of the same statute commands the cancellation of a lis pendens “ if service of a summons has not been completed within the time limited by section 6512.”
Defendant has latched on to the quoted phrase of CPLB 6514 to force a construction which would not only require that service of summons be made within the 30-day period, but would also compel completion of such service within the same time where substituted service is employed. The court cannot subscribe to this argument.
The basic canon of statutory construction requires that the separate sections of a legislative enactment be harmonized on the theory that inconsistency in the same statute is contrary to the intention of the lawmakers, and hence is to be avoided (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 98, p. 169 et seq.) The provisions of CPLR 6512 simply require that the summons be served within 30 days after the notice of pendency is filed, without prescribing a concomitant direction that service be completed within the same or any specified period where resort is made to substituted service. CPLR 6512, in this respect, is consistent with CPLB 308 (subd. 3) which places no limitation on the time in which proof of service must be filed, and merely states when service shall be deemed completed. CPLR 6512 only requires completion of service where there is a publication of the summons, and the word “ completed ”, as used in CPLR 6514, is obviously employed in reference to such a situation.
Case law on this subject points to the same conclusion. The failure to file proof of service of summons under CPLR 308 does not divest the court of jurisdiction of an action which is commenced by service of the summons (CPLR 304), rather than the filing the proof of service (Molyneaux v. Sevilla, 22 Misc 2d 450; Esteves v. Swdbodzien, 195 Misc. 956). This result follows from the fact that the purpose of requiring the filing of proof of service is to fix the time in which the defendant must *452 answer (Molyneaux v. Sevilla, supra; 1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 308.16, pp. 3-93-3-94). It may be noted the former provisions of the Civil Practice Act requiring the filing of proof of service within 20 days gave rise to a division of authority on the necessity for filing. While some cases held the total failure to file was a jurisdictional defect that could not be cured (see, e.g., Toubin v. White, 2 Misc 2d 723), there was nevertheless agreement on the point that a belated filing of proof where service had been timely made was a mere defect that could be cured nunc pro tunc (cf. Soemann v. Carr, 8 A D 2d 489, 494). The elimination in the CPLR of the necessity for filing within any specified period of time is persuasive evidence that the Legislature did not intend that the failure to file be considered a jurisdictional defect.
Since the action is deemed commenced by the service of summons (CPLR 304), and not the completion thereof, the motion is denied. The observation is also made that the mandatory provisions of CPLR 6514 do not divest the court of its discretionary power to withhold cancellation of a Us pendens when the moving defendant remains in hiding or in some other manner avoids service until the statutory period has expired (see Israelson v. Bradley, 308 N. Y. 511, 516 and cases cited; 7 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 6512.03, p. 65-48; par. 6514.06, p. 65-63). The facts of this case satisfactorily indicate that defendants frustrated plaintiff’s attempt to make personal service, and necessitated the resort to substituted service, and .thereby occasioned the alleged, belated filing of proof of service. The defendants, under such circumstances, cannot benefit from an occurrence caused by their own conduct, and denial of the application is justified on this ground alone.