Abraham N. Geller, J.
The presentation of this ex parte order to permit plaintiff to file nunc pro tunc as of August 17, 1966 the affidavit of compliance with the provisions regarding service of process set forth in section 307 of the Business Corporation Law reveals a flaw in the filing requirement of that section which should be corrected by appropriate amendment.
Section 307 (L. 1961, ch. 855, eff. April 1, 1963, as amd. by L. 1965, ch. 803, eff. Sept. 1,1965) provides for service of process upon the Secretary of State as the “agent” of a foreign corporation not authorized to do business in this State in any case in which a nondomieiliary would be subject to the personal or other jurisdiction of the courts of this State under article 3 of CPLR. Service of such process shall be made by personal delivery at the office of the Department of State in Albany. Such service shall be sufficient if notice thereof and a copy of the *554 process are either served personally upon defendant without the State or sent by registered mail with return receipt requested to the last-known address of such foreign corporation.
Then follows the filing provision here involved. Proof of service shall be by affidavit of compliance with this section filed, together with the process, “ within thirty days after such service, ’ ’ with the Clerk of the court in which the action is pending. If a copy of process was mailed, there shall be filed with the affidavit of compliance either the signed return receipt or original envelope with postal notation of refusal (in the latter event, notice thereof together with a copy of the process is to be sent by ordinary mail to the same address). Service of process shall be complete 10 days after such papers are filed.
This action is against three Italian corporations. Service was made upon the Secretary of State at Albany on July 18, 1966. The affidavit of compliance was, therefore, in accordance with this statutory provision, required to be filed by August 17, 1966, 30 days after such service upon the Secretary of State. Although a copy of the process and notice were sent by registered mail to defendants’ respective addresses in Italy on July 19, 1966, the day following such service, plaintiff did not receive the return receipts until August 17, 1966 as to one defendant and August 19, 1966 as to the other defendants.
In this case plaintiff could not possibly comply with the statutory filing requirement, as the statute is worded. It is obvious that, where corporations of foreign countries are defendants, many instances of delayed delivery of return receipts will arise, resulting in attorneys being required to draw up nunc pro tunc orders and courts being required to process such applications. No injury to defendants’ rights would be produced by providing for filing within 30 days after the return receipt or original envelope with notation of refusal is received by the plaintiff, since defendants’ time to answer does not begin to run until service is complete, which is 10 days after such papers are filed.
Actually, it appears that that is what was intended as the filing requirement and that the provision in its present form is an inadvertent slip. The note in McKinney’s Consolidated Laws of New York, Book 6, Business Corporation Law following section 307, entitled “Legislative Studies and Reports,” summarizing the findings of the Joint Legislative Committee to Study Revision of Corporation Laws with reference to this provision, states that the procedure in this section follows that set forth in section 52 of the Vehicle and Traffic Law (now § 253) and section 250 of the General Business Law. Section 52 deal *555 ing with service of summons on nonresidents in an action arising out of the operation of a motor vehicle in this State, as well as section 250, with an identical procedure relating to the operation of aircraft in this State, both provide: ‘ ‘ The foregoing papers shall be filed within thirty days after the return receipt or other receipt or other official proof of delivery or the original envelope bearing a notation of refusal, as the case may be, is received by the plaintiff.”
The court is authorized to grant the relief here requested. CPLR 2004 provides that, except where otherwise expressly prescribed, the court may extend the time fixed by any statute, rule or order for doing any act, whether application for extension is made before or after expiration of the time fixed. Where service has actually been made, the failure to timely file proof of service is a procedural, not a jurisdictional, defect (see Air Conditioning Training Corp. v. Pirrote, 270 App. Div. 391; Molyneaux v. Sevilla, 22 Misc 2d 450).
With respect to the problem discussed in Toubin v. White (2 Misc 2d 723) relative to the somewhat different provision for substituted service under former section 231 of the Civil Practice Act, defendants ’ rights will be fully protected by extending their time to answer and treating it as starting to run 10 days after date of actual filing. Thus, while plaintiff is being permitted to file the papers nunc pro tunc, provision is being inserted in the order extending defendants’ time to answer accordingly, with appropriate notice thereof to defendants as provided in the order.