Louis B. Heller, J.
This is an application for an order directing the Commissioner of the matrimonial Conciliation Bureau *36 to accept late filing of a notice of commencement of an action for divorce. Pursuant to subdivision a of section 215-c of the Domestic Relations Law, such a notice is required to be filed within 10 days after commencement of the action.
Counsel for petitioner alleges that the summons in this case was personally served on the defendant husband on October 3, 1967 in Sacramento, California, apparently in accordance with CPLR 313, but that the affidavit of service which had to be authenticated by the certificate of a County Cleric was not received by plaintiff’s counsel until October 13, 1967. She states further that because of the impending Jewish High Holy Day on the evening of October 13, 1967, she was not in her office and did not actually receive her mail until Monday, October 16,1967; that when she attempted to file the required notice on that day, it was refused by the bureau.
This court is authorized under CPLR 2004 “ except where otherwise expressly prescribed by law” to “ extend the time fixed by any statute, rule or order for doing any act, upon such terms as may be just and upon just cause shown, whether the application for extension is made before or after the expiration of the time fixed” (emphasis supplied). The Advisory Committee notes (3 Standard Civ. Prac. Serv., p. 125) accompanying this and other related sections of the CPLR state that ‘ ‘ They all implement .the policy of liberal construction of the acts and rules, expressed in § 104, to secure just, speedy and inexpensive determinations. ’ ’
I do not believe that the failure to file this notice within the allowable 10-day period is either jurisdictional or prejudicial. I have found no provision anywhere ‘ ‘ otherwise expressly prescribed by law ” to prevent this relief here. I am convinced that the failure to do so is excusable and not the result of any neglect or failure to take reasonable precautions and accordingly that this application should be granted.
Unquestionably, this problem will arise in other divorce actions in the future where service is made outside the State, particularly where the defendant may be found in a distant country or other remote corner of the world. I respectfully suggest to our Legislature that there is need to amend this section to provide for an added period for filing in such cases. There is direct confirmation of this need in CPLR 320 which permits appearance or answer following service outside the State within 30 days rather than the normal 20 days. In Sassand-Ilic v. Calzaturificio San Giorgio (51 Misc 2d 553) the court found reason to criticize a comparable situation under section 307 of the Business Corporation Law, which governs *37 service on foreign corporations, where it was often patently impossible to comply with the time limitation for filing and also suggested reformation of the statute to cure the fault. It is my opinion that the time to file the notice required under subdivision a of section 215-c where service is made outside the State be enlarged to a minimum period of 20 days.
It does not appear to me that the special proceeding used to initiate this application is either indicated or warranted. There is no purpose served by this procedure which could not be as effectively employed by an application ex parte or by motion on notice, as may be indicated, entitled in the very action which was initiated by the service of the summons (see 3 CarmodyWait 2d, New York Practice, § 23:5). Accordingly, I shall consider this application as such a motion and I direct that the papers and the order to be entered hereon be so entitled and filed.
Plaintiff’s time to file the requisite notice in the Conciliation Bureau in accordance with subdivision a of section 215-c of the Domestic Relations Law is extended for a period of five days after entry of the order hereon.