Howard A. Zeller, J.
Plaintiff moves for permission to file with the Conciliation Bureau a late notice of commencement of this divorce action.
This divorce was commenced by service on September 20,1967 of a summons on defendant at Watertown, New York. Notice of commencement of the action was mailed to the Conciliation Bureau of the Sixth Judicial District on October 6, 1967. Because the notice had not been filed by plaintiff’s attorney within 10 days of the commencement of the action the Conciliation Commissioner properly rejected it.
Subdivision a of section 215-c of the Domestic Relations Law provides: ‘ ‘ Within ten days after the commencement of an action for divorce, the party plaintiff in such action file with the conciliation bureau in the judicial district where plaintiff resides, a notice of commencement of such action. Failure to file the notice as required herein shall be deemed a discontinuance of the cause of action.”
The phrase ‘ ‘ shall be deemed a discontinuance ’ ’ is similar to the wording of CPLR 3404 which reads that a case marked off or struck from the calendar and not restored within one year thereafter ‘ ‘ shall be deemed abandoned and shall be dismissed without costs for neglect to prosecute.”
The source of CPLR 3404 is rule 302 of the Rules of Civil 'Practice which had almost identical language. In interpreting rule 302 Judge Foster in writing for the majority of the Court of Appeals in Marco v. Sachs (10 N Y 2d 542, 550) stated: “ We think that rule 302 was adopted for the purpose of getting rid of cases that are actually dead * * * but we do not think it was the intention of the framers to have the rule rigidly applied irrespective of any and all circumstances * * * . The phrase ‘ deemed abandoned ’ * * * suggests a presumption rather than a fixed and immutable policy of dismissal. ’ ’
The words “ shall be deemed a discontinuance ” in subdivision a of section 215-c of the Domestic Relations Law also suggest a presumption rather than an absolute and inflexible automatic discontinuance of the divorce action. Failure to file the notice within 10 days is not a jurisdictional defect. For adequate cause and by a timely motion this court has the power to relieve plaintiff of the seemingly rigid edict of the discontinuance clause.
Plaintiff’s attorneys were not notified by the process server of the service of the summons until seven days after it had been made. Excusable inadvertence caused another short delay in *398 mailing the notice of commencement to the Conciliation Bureau. No prejudice to defendant has resulted. The motion to file a late notice was promptly made. Plaintiff never intended to abandon this action.
Permission for late filing should not be granted as a matter of course. Attorneys should attempt to file the notice within 10 days. However, in this ease sufficient cause appears to extend the time to file with the Conciliation Bureau the notice of commencement of this divorce action. (See Matter of Rodriguez v. Cowin, 55 Misc 2d 35.)
Plaintiff’s time to file the requisite notice with the Conciliation Bureau should be extended for a period of 10 days after entry of the order hereon.