Morris Slifkin, J.
Plaintiff, by an order to show cause dated January 24, 1969, moves to punish the defendant for contempt for nonpayment of temporary alimony as directed by an order of this court, for the period from October 15,1968 through January 20,1969.
This court in its decision date-d November 19,1968 denied leave to the plaintiff to permit the late filing of a notice of commencement of action and directed that the action be deemed discontinued and stricken from the calendar. Leave was therein granted to the plaintiff to file a new action for divorce.
Plaintiff, in the instant motion, does not seek relief from the denial by the court of permission for late filing of the notice of commencement of action. That issue was resolved by the decision above referred to. What plaintiff seeks to do in this motion is to impart a sufficient vitality to this action at this point in time and in procedure to compel the defendant to continue his support to the plaintiff.
The -court cannot lend its aid to the plaintiff under the ■circumstances.
At the time of the institution of this motion on January 24, 1969, the plaintiff knew from the decision of the court dated November 19, 1968, that this action, legally speaking, was no longer in effective existence. The later integration of the terms of that decision into an order entered February 13, 196-9, was a *113 ministerial act only and should be effective as of and relate back to the date of the decision. (Commrade v. Commrade, 29 A D 2d 870.)
Further, absent the direction of the court to permit a late filing of the notice of commencement of action, this action, although not legally terminated, lost its legal vitality as of the 21st day following the date of service of the summons but, without the filing of a notice of commencement of action with the Conciliation Bureau of this court. The adherence to the statutory pattern requiring conciliation procedures under article 11-B of the Domestic Relations Law necessitates a construction that compliance with those procedures be a condition precedent to invoke the provisional remedies available through this court. In the instant action, the prior denial by this court to plaintiff of leave to file a late notice of commencement of action constitutes a legally effective termination of the action in the trial court. (Harris v. Harris, 55 Misc 2d 396.)
The motion is denied in all respects.