OPINION OF THE COURT
F. Warren Travers, J.
In the action for divorce, plaintiff applied for and was granted an order, which directed service of the summons with notice by publication thereof in The Schenectady Gazette not less than once a week for three consecutive weeks. The court dispensed with mailing a copy to defendant.
Plaintiff submitted an affidavit showing publication on May 6, 13, 20, 1978. Plaintiff also submitted an affidavit of regularity in which he alleges that "more than 20 days have elapsed since the service of said summons and the defendant is now in default”.
This matter was placed on the June 16, 1978 calendar for uncontested matrimonial actions.
*140 "The first publication of the summons shall be made within twenty days after the order is granted. Service by publication is complete on the twenty-eighth day after the day of first publication, except that in a matrimonial action it is complete on the twenty-first day after the day of first publication.” (CPLR 316, subd [c].)
Under the CPLR, "an appearance shall be made within twenty days after the service of a summons, except if * * * it was served pursuant to section 303, paragraphs two, three, four, or five of section 308, or sections 313, 314, or 315, the appearance shall be made within thirty days after service is complete.” (CPLR 320, subd [a].)
Plaintiff commenced his publication on May 6, 1978, and within 20 days of the order directing service by publication. Service was complete on May 27, 1978. (CPLR 316, subd [c].)
Defendant, then would be required to appear "thirty days after service is complete” (CPLR 320, subd [a]) or by June 26, 1978.
Plaintiff’s application to this court for a judgment of divorce is premature, and his affidavit of regularity is defective. Defendant’s time to appear in opposition to the relief requested by the plaintiff had not yet expired on June 16, 1978.
A careful scrutiny of plaintiff’s papers reveals other substantial defects. CPLR 316 (subd [a]) states that "the summons, complaint, or summons and notice in an action for divorce or separation, order and papers on which the order was based shall be filed on or before the first day of publication”. Under CPLR 2102, papers required to be filed shall be filed with the clerk of the court in which the action is triable.
Plaintiff has submitted to the court what appears to be the original order of publication signed by Justice Robert C. Williams on May 2, 1978. Obviously, plaintiff never complied with CPLR 316 and 2102 by filing the order with the Albany County Clerk. Additionally, plaintiff’s notice of publication recites that the afore-mentioned order of Justice Williams was filed in the office of the clerk of the County of Saratoga on March 21, 1978, prior to the date of the purported order. Plaintiff has not submitted proof that he ever filed the summons with notice; plaintiff’s verified complaint bears the certificate of the Albany County Clerk to the effect that the complaint was filed with the Albany County Clerk’s office on April 24, 1978.
*141 The court also notes in passing that the plaintiffs affidavit of regularity recites that defendant was personally served with the summons on May 6, 1978, which is apparently not the case.
 Service of process, other than personally, is in derogation of the common law, and should in all respects be strictly construed. Although it has been well established that the failure to file the order of publication and summons and complaint on or before the first day of publication may be corrected by an order nunc pro tunc (Lambert v Lambert, 270 NY 422), the numerous irregularities in plaintiffs papers do not justify such a relief in this instance. By strictly construing CPLR 316, the court determined that plaintiffs failure to comply with its provisions has rendered this proceeding jurisdictionally defective.
If plaintiffs only error were in bringing on this matter before defendant’s time to appear had expired, the court would direct the plaintiff to wait until after June 26, 1978, and then file another note of issue. However, since the other errors are jurisdictional, plaintiffs action is dismissed without prejudice to the commencement of a new action by properly serving the defendant.