*458 OPINION OF THE COURT
Cosmo J. Di Tucci, J.
The instant product liability tort matters have had a tortured procedural history which is summarized as follows:
On the 16th day of January 1990, the plaintiff, an employee of Dundy Glass, was injured while operating a drilling machine.
Later that year he commenced Action No. 1 by serving Articoli Diamantati Affini (hereinafter ADA), the manufacturer of, and Glass International Inc. (hereinafter GII), the vendor of the machine.
ADA answered; GII has defaulted.
On the 12th day of January 1993 just prior to the expiration of the Statute of Limitations, the plaintiff commenced Action No. 2 under index No. 0588/93 by filing a new summons and complaint with the Clerk of this court and mailed process to the defendants with "acknowledgment of receipt” forms enclosed. None of the defendants acknowledged service; nor did any appear in the action.
On the 11th day of May 1993, the plaintiff recommenced Action No. 2 by a second filing of his summons and complaint under index No. 10364/93. On the 10th day of July 1993 copies of the May 11, 1993 process were served on the defendants, Joshua Zwerner and GII, by personal service in the State of Florida.
The defendant, Carl Zwerner, was not served and questions have been raised regarding the validity of service on Glass Machinery Inc. (hereinafter GMI) in Action No. 2.
Joshua Zwerner (hereinafter Joshua) and GII now move for an order dismissing the complaints against them in Action No. 2 on the grounds of "Statute of Limitations”.
In addition, as an individual defendant, Joshua seeks dismissal on the additional grounds that "no cause of action has been or can be alleged against me in my individual capacity. Additionally, there is no personal jurisdiction over me in New York.”
The plaintiff opposes this motion and cross-moves for an order, inter alia,
1. consolidating both actions for joint trial;
2. granting a default judgment against GII in Action No. 1; and
*459 3. granting a default judgment against GII, GMI, Joshua and Carl Zwerner in Action No. 2 under index No. 10364/93.
By way of a second cross motion, the defendant GMI seeks an order compelling the plaintiff to accept its answer. The plaintiff opposes this cross motion on the grounds that GMI’s answer is not timely.
Also, he argues that the individual Zwerner defendants may be held liable to him on the grounds that
1. both are the principals of GII and GMI;
2. Joshua installed the drilling machine;
3. that their attempt to hide behind the corporate shield is a sham under the circumstances of this case; and
4. that this court should pierce the "corporate veil” and hold both of them responsible for his injuries along with their corporations.
The defendants’ "Statute of Limitations” defense must be analyzed in the context of our new filing statute.
Since the underlying occurrence took place on the 16th day of January 1990 and plaintiffs commenced Action No. 2 by filing on the 12th day of January 1993 under index No. 0588/ 92, commencement was timely. Under the current statute the plaintiff was permitted a second filing under CPLR 306-b (b) in view of the fact that service was not completed within the initial 120 days after filing. Plaintiff had the right and did refile and served and filed proof of service under index No. 10364/93 within 120 days after filing.
While the court is mindful that under a strict reading of CPLR 306-b (b) the plaintiff’s second filing was one day early (i.e., 119 days after the first filing), this court does not believe that such a technical violation of CPLR 306-b (b) should deprive it of jurisdiction; rather it should be treated as an irregularity. The second filing and service resulted in no prejudice to the defendants nor did it extend the time for service beyond that contemplated in the statute.
Based upon the foregoing and the affidavits of service provided by the plaintiff relating to service of process upon the defendants, Joshua and GII, their motions to dismiss Action No. 2 (index No. 10364/93) insofar as it relates to them based upon "Statute of Limitations” is denied.
As to the defendant, Carl Zwerner, the plaintiff has introduced no proof that he was served within 120 days of the purchase of the final index number. The affidavit of service *460 attached to the plaintiffs papers indicates, rather, that he was not served. Accordingly, his motion to dismiss Action No. 2 insofar as it applies to him on the grounds of failure to serve is granted.
The defendant Joshua’s motion that Action No. 2 insofar as it applies to him be dismissed on the grounds the complaint fails to state a cause of action since he never personally participated in the sale of the drilling machine but only acted in his status as an employee of GII and/or GMI is granted.
The plaintiff has not introduced any convincing evidence which would support his prayer that the court "pierce the corporate veil” nor has he set forth any "conduct” either in the sale or installation on the part of Joshua which would support such a theory.
GMI’s cross motion that the plaintiff be compelled to accept its answers is granted. The answer attached to its cross motion is deemed served. Based upon the totality of the circumstances of this case, it would be an abuse of discretion to refuse to allow the defendant GMI to defend this action on the merits.
As to the plaintiffs cross motion, insofar as it applies to the defendants Joshua and Carl Zwerner, it is denied as moot, the action against each having been heretofore dismissed.
Insofar as the plaintiffs cross motion seeks a default judgment against the defendant GII in Action No. 1 and a default judgment against the defendants GII and GMI in Action No. 2, it is also denied.
Insofar as the plaintiff seeks consolidation of Action Nos. 1 and 2, his cross motion is granted.
The title of the actions as consolidated shall be as follows:
SUPREME COURT: QUEENS COUNTY
ERIC LATIN,
Plaintiff, Index No. 10767/90
VS.
ARTICOLI DIAMANTATI AFFINI, NUOVA ARTICOLI DIAMANTATI AFFINI d/b/a/ NUOVA ADA s.r.l, GLASS INTERNATIONAL INC., WALTER BASSO and GLASS MACHINERY INC., _Defendants._
The Clerk of this court, upon being served with a copy of the order to be settled hereon, is directed to combine all papers in her files pertaining to Action No. 2 under index Nos. *461 0588/93 and 10364/93 with her file for Action No. 1 under index No. 10767/90.
The plaintiff is directed to serve a copy of the order to be settled hereon with notice of entry upon the clerk of the trial term support office of this court at the time of the filing of his note of issue.
In all other respects the motion and both cross motions are denied.