OPINION OF THE COURT
Joseph D. Mintz, J.
Defendants move to dismiss the complaint pursuant to CPLR 3211 (a) (5), that the action was not commenced within the Statute of Limitations for actions for medical malpractice under CPLR 214-a.
*319 The following facts are not in dispute: The complaint alleges malpractice on or about the 8th day of December 1989, and continuous treatment until June 19, 1992. If the action was commenced on or before December 19, 1994, the action is not time barred. If the action was commenced after December 19, 1994, the action is time barred.
A summons with notice was filed in the office of the Erie County Clerk on December 9, 1994, under index No. 13302/94. Pursuant to CPLR 304, the action was commenced on December 9, 1994, subject to CPLR 306-b. This summons with notice was never served upon defendants, and under CPLR 306-b, the action was deemed dismissed 120 days after December 9, 1994, or on April 8, 1995.
A summons and complaint based upon the same series of transactions or occurrences was refiled in the office of the Erie County Clerk on July 7, 1995, under index No. 5053/95. This summons and complaint with a certificate of merit was served on defendant Gage on July 26, 1995. An affidavit of service was filed on August 9, 1995. The summons and complaint without the certificate of merit was served on the corporate defendant pursuant to Business Corporation Law § 306 on July 18, 1995. An affidavit of service was filed on August 1, 1995.
Plaintiff claims that the refiling, service and filing of the affidavit of service by August 9, 1995 constituted a recommencement of the action under CPLR 306-b (b) which provides that the original filing constitutes a commencement of the action. Defendants claim that the second action does not fall within CPLR 306-b (b), and that it was commenced on July 7, 1995, outside the Statute of Limitations.
CPLR 306-b (b) provides: "If an action dismissed for failure to file proof of service pursuant to this section or for failure to effect proper service was timely commenced, the plaintiff may commence a new action, despite the expiration of the statute of limitations after the commencement of the original action, upon the same transaction or occurrence or series of transactions or occurrences within one hundred twenty days of such dismissal provided that service upon the defendant is effected within such one hundred twenty day period.” Defendants claim that the first action was not dismissed for failure to file proof of service or for failure to effect proper service, as no service upon defendants was made in the first action. It is clear from a similar case, Latin v Articoli Diamantati Affini (160 Misc 2d 457 [Sup Ct, Queens County 1994]) and all commentaries that CPLR 306-b (b) may be employed whenever the plaintiff has *320 failed to file an affidavit of service, due to "oversight, dilatoriness, or lack of success in serving process on the defendant.” (See, e.g., Alexander, Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 306-b, 1995 Pocket Part, at 68-69.) All parties agree that plaintiff failed to file an affidavit of service within 120 days of the commencement of the first action due to her failure to effect service upon defendants. There is no support for the proposition that such failure would not qualify for a second chance under CPLR 306-b.
Secondly, plaintiff has fulfilled the second requirement for use of CPLR 306-b (b), that the first action was timely commenced. The first action was commenced by filing on December 9, 1994, prior to the expiration of the Statute of Limitations on December 19, 1994.
Once able to employ CPLR 306-b (b), the plaintiff must refile and effect service within 120 days of the deemed dismissal under CPLR 306-b (a). The first action was commenced on December 9, 1994, so the deemed dismissal occurred 120 days thereafter on April 8, 1994. (It should be noted that 120 days means 120 days and not four months as the plaintiff asserts. Thus, the deemed dismissal occurred on April 8, 1995, not on April 9, 1995 as plaintiff claims.) Under CPLR 306-b (b), the refiling and reservice must occur within 120 days after the date of deemed dismissal, or August 6, 1995. (Again, 120 days, not four months. The 120 days ended on August 6,1995, not August 9, 1995 as plaintiff claims.)
In the case of the corporate defendant, the refiling, service and filing of the affidavit of service all occurred prior to August 6, 1995. Thus, with respect to the corporate defendant, the action was commenced on December 7, 1994, the date of the filing of the original summons with notice and is not time barred. In the case of the individual defendant, the refiling and both acts of service (leaving the summons and complaint at his home with someone of suitable age or discretion under CPLR 308 [2] and mailing the summons with notice to him at his home) were performed prior to August 6, 1995. However, the affidavit of service was not filed until August 9, 1995, outside the 120 days. Defendants claim that CPLR 306-b (b)’s requirements were not fulfilled, and also that service was not complete under CPLR 308 (2) until 10 days after filing on August 9, 1995, outside the 120 days.
First, for Statute of Limitations purposes, service is complete when both acts are performed, not upon 10 days fol *321 lowing the filing of the affidavit of service. Completion of service under CPLR 308 (2) is for purposes of beginning the 30-day period in which defendant must appear. (William Iser, Inc. v Garnett, 46 Misc 2d 450 [Sup Ct, Nassau County 1965].) It follows that service is complete for purposes of CPLR 306-b upon completion of both acts. In this case, that was completed prior to August 6, 1995.
 Second, CPLR 306-b (b) only requires that the refiling and service be completed within the second 120 days. There is no mention in the statute that the filing of the affidavit of service must be also accomplished within 120 days. However, CPLR 306-b (a) requires that such affidavit of service be filed within 120 days of filing of the summons and complaint. At issue is whether this requirement of CPLR 306-b (a) applies to actions commenced under CPLR 306-b (b). While there is no reported case on this issue, there is significant commentary to indicate that it should not. For one, if the requirement did apply, then the failure to file would constitute another deemed dismissal under CPLR 306-b (a), which would give rise to another commencement under CPLR 306-b (b), and so on ad nauseum. This is clearly contrary to the intent of the legislation. Furthermore, the language of CPLR 306-b (b) is quite explicit that only the refiling and service need be completed within the second 120 days. While it would be better practice for plaintiff to have filed the affidavit of service prior to the expiration of the second 120 days, it appears that the court has the power to extend the time for filing of the affidavit under CPLR 2004. Courts have even exercised such power to extend the first 120-day period so as to allow plaintiff to avoid the expense of recommencement under CPLR 306-b (b). (Norstar Bank v Wittbrodt, 154 Misc 2d 260 [Sup Ct, Albany County 1993].) Under the circumstances that both acts of service upon the individual defendant were completed prior to the expiration of the second 120 days, and that service and the filing of the affidavit of service for the corporate defendant were completed within the second 120 days, this court exercises its power under CPLR 2004 to extend by three days the period in which plaintiff was to file the affidavit of service upon the individual defendant. For these reasons, the action commenced by the filing of the summons with notice on December 9, 1994, is the action before the court. Such action is not time barred.
Defendants also claim that there was no certificate of merit which accompanied the complaint served upon the corporate defendant as required by CPLR 3012-a. The certificate of merit *322 did accompany the complaint served upon the individual defendant, and subsequently, the plaintiff served a second summons and complaint with the certificate of merit upon the corporate defendant. Given that the individual defendant who is a principal in the corporate defendant received the certificate of merit with his complaint, and the rapidity with which this error was corrected with respect to the corporate defendant, this court refuses to dismiss the action in accordance with Dye v Leve (181 AD2d 89 [4th Dept 1992]).
For the foregoing reasons, the defendants’ motion is denied.