■ Thomas F. Cosgrove, Appellant, v. Albert Weierman, Defendant. Elizabeth M. Weierman, as Executrix of Albert Weierman, Deceased, Respondent.— Appeal from an order denying appellant's motion to substitute the respondent, executrix of the last will and testament of Albert Weierman, deceased, in place of the testator as defendant and to continue the action in respondent's name as such executrix. Order affirmed, with $10 costs and disbursements. Appellant brought action in the Supreme Court, Richmond County, to recover damages for injuries sustained while riding as a guest passenger in the testator's automobile in the State of New Jersey. The testator was personally served in the State of New York and answered in the action. Thereafter he died leaving a will by which he appointed the respondent his executrix. The will was admitted to probate by the Surrogate of Monmouth County, New Jersey. After the testator's death and after the probate proceeding, the attorneys who had represented him in the action during his lifetime conducted an examination of the appellant before trial pursuant to a notice served prior to the testator's death. Some time later the instant motion to continue the action against the respondent was made, and respondent appeared specially, solely for the purpose of opposing the motion. It was not claimed that the testator had any assets in the State of New York at the time of his death. The accident having occurred in New Jersey, section 52 of the Vehicle and Traffic Law has no application. There is no authority, statutory or otherwise, for continuing this action in personam against the testator's legal representative, a foreign executrix. (*McMaster* v. *Gould*, 240 N. Y. 379; *Helme* v. *Buckelew*, 229 N. Y. 363.) Nor is there any basis for holding that the respondent submitted to the jurisdiction of the court when the attorneys for the testator conducted an examination before trial in his behalf after his death. Although the attorneys were without authority to proceed on his behalf, they did not purport to act, nor is there any evidence that they were authorized to act, for the respondent. Nolan, P. J., Wenzel, Beldock, Hallinan and Kleinfeld, JJ., concur.

■ Conrad S. Fleary, Respondent, v. Henry Landau, Appellant.— Action for rescission of a written contract for the sale of real property and for the return of the down payment and expenses, on the ground that the seller falsely represented in the contract that "there are no proceedings now pending" relative to violations affecting the premises. The appeal is from a judgment, entered after trial, in favor of respondent. Judgment unanimously affirmed, with costs. No opinion. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Kleinfeld, JJ.