Jack Stanislaw, J.
Defendant disputes the efficacy of plaintiff’s alleged substituted service herein. A motion is made to dismiss based upon that defective service. Specifically, defendant alleges a failure to mail, although conceding mailing of the summons and complaint. Moreover, it is argued that personal direct service was not attempted at all, with or without due diligence, and that service has not been completed in any event because of plaintiff’s failure to file proof of substituted service in 10 days (CPLR 308, subd. 3). The question assumes impor *758 tance because of the running of the Statute of Limitations as to plaintiff’s action shortly after the purported substituted service.
The affidavit of the process server indicates sufficient attempts at personal service to have warranted substituted service. However, defendant disputes that these attempts were actually made, or that there was an affixation of the summons and complaint to the door of defendant’s residence as required by the statute. These issues will have to be resolved after a hearing which is set down for October 25, 1966 at 9:30 a.m. before this court.
We reject the argument that service fails in any event because no proof thereof was filed with the Clerk of the court so as to complete it 10 days thereafter (CPLR 308, subd. 3). The claim is interposed when the summons is served (CPLR 203, subd. [b]). The reference in CPLR 308 (subd. 3) to completion of service after filing with the Clerk, is more properly and reasonably indicative of the measurement of the time thereafter in which a defendant must answer (CPLR 320, subd. [a]); William Iser, Inc. v. Garnett, 46 Misc 2d 450). It is service, not any filing of proofs thereof, which results in the commencement of an action and acquisition of jurisdiction (CPLR 304). Subsequent filing for completion of service can hardly be visualized as a jurisdictional mandate where the statute refers to substituted service as an alternative form of personal service and then provides for a defendant’s appearance after that service is complete (CPLR 320, subd. [a]). Completion thus refers to service already made. If we were to accept defendant’s theory there would be no service until filing even though there was service, a puzzling contradiction in the statutory expressions noted.