Edward S. Conwat, J.
This is a motion by the plaintiff for an order nunc pro tunc pursuant to CPLR 2001 permitting plaintiff to file the affidavit of substituted service on the defendant herein in the Ulster County Clerk’s office with the same force *727 and effect as though the same had been filed in the said County Clerk’s office within 20 days after the service of the summons herein on the grounds that the failure to file constitutes an irregularity which in no way prejudices the defendant and bars the plaintiff of his day in court.
The plaintiff’s cause of action is to recover for personal injuries sustained by him in an automobile accident which occurred on December 20, 1968 in the City of Kingston, New York.
Plaintiff, after protracted negotiations with the Aetna Insurance Company, who insured the defendant, finally retained Charles H. Gaffney, Esq. to represent him in his claim against the defendant, on November 1,1971.
The attorney, after negotiating without success with the Aetna Insurance Company, delivered a summons to the Ulster County Sheriff for service on the defendant on November 23,1971. The service was performed by substituted service on December 8, 1971, as the affidavit of the deputy sheriff submitted herein shows. The proof of service, however, was not filed by the plaintiff’s attorney in the Ulster County Clerk’s office within 20 days of the service on the defendant as required by the provisions of subdivision 4 of CPLR 308, due to an oversight on the part of plaintiff’s attorney.
Following service upon the defendant, further negotiations between the plaintiff’s attorney and defendant’s carrier were held, together with a request for a physical examination by a doctor of the carrier’s choice and a request for adjournment in filing a notice of appearance. On May 11, 1972, William C. Mullany, Esq. was retained by the defendant and notified plaintiff’s attorney that he could not accept service without an order of the court.
The failure to file timely is a mere irregularity which can be cured by an order nunc pro tunc. (Molyneaux v. Sevilla, 22 Misc 2d 450; 1 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 308.16.) It is the service of the summons, not any filing of proofs thereof, which results in the commencement of an action and acquisition of jurisdiction. (Copper v. Prokos, 51 Misc 2d 757.)
The elements of waiver and estoppel on the part of the defendant in negotiating and requesting a physical examination of the plaintiff after service of the summons are also present. No injury is caused where notice of the action is undoubtedly possessed by the defendant.
Consequently, the motion of the plaintiff to permit the filing nunc pro tunc of the proof of service is granted.