■ Douglas Morrison, Respondent, v Kharl Foster et al., Defendants, and Lawrence I. Sanders, Appellant. — In an action to recover damages for false arrest, malicious prosecution and defamation, defendant Sanders appeals from an order of the Supreme Court, Kings County, entered March 30, 1979, which denied his motion for summary judgment on the ground of lack of in personam jurisdiction. Order reversed, on the law, with $50 costs and disbursements, motion granted and complaint dismissed as against defendant Sanders. The parties have confused the defenses of lack of in perso-

nam jurisdiction and the Statute of Limitations. CPLR 203 (subd [b]), which deals with *claim interposition,* provides that "A claim asserted in the complaint is interposed against the defendant or a co-defendant united in interest with him when: 1. the summons is served upon the defendant". The provision is contained in CPLR article 2, which is concerned with limitations of time. It is not in CPLR article 3, which deals with jurisdiction and its acquisition. The basic effect of the provision is that timely service upon any one of two or more defendants who are "united in interest" as to a claim, permanently deprives all codefendants of the defense of the Statute of Limitations *(Zeitler v City of Rochester,* 32 AD2d 728; 1 Weinstein-Korn-Miller, NY Civ Prac, par 203.05). This does not, however, mean that the court has jurisdiction over the unserved defendant. To acquire personal jurisdiction over the codefendant, the plaintiff still must properly serve a summons upon him. In the present case the appellant raised the defense of lack of in personam jurisdiction. He did not raise the defense of the Statute of Limitations and, thus, whether he and the corporate defendant are "united in interest" is immaterial. The question is whether the appellant was properly served with the required process. Since the plaintiff admits that he never served the appellant, and the latter properly raised the defense of lack of personal jurisdiction in his answer (see CPLR 320, subd [b]; Siegel, New York Practice, § 111; cf. *Colbert v International Security Bur.,* 79 AD2d 448), the issue should have been resolved in favor of the appellant and the action as against him dismissed. Mollen, P. J., Titone, Lazer and Cohalan, JJ., concur.