■ Sarah Shepard et al., Appellants, v St. Agnes Hospital et al., Respondents, et al., Defendants. — In a medical malpractice action, plaintiffs appeal from an order of the Supreme Court, Westchester County (Wood, J.), entered May 1, 1980, which (1) granted a motion by the defendant Dr. Kveta Polak to

dismiss the complaint as to her for plaintiffs' failure to timely enter a default judgment against her, pursuant to CPLR 3215 (subd [c]), (2) denied plaintiffs' cross motion for leave to proceed to inquest for damages against said defendant, and (3) granted said defendant's further motion to dismiss plaintiffs' second action, which was subsequently commenced by service of the same summons and complaint, as time barred by the Statute of Limitations contained in CPLR 214-a. Order affirmed, with $50 costs and disbursements. In October, 1978, an action to recover damages for alleged medical malpractice was commenced against St. Agnes Hospital. In addition to the hospital, the other named defendants were five physicians, of whom defendant Polak was one, who had treated the injured plaintiff for an infected finger. The record on appeal contains the affidavits of service to the effect that a summons and complaint were served upon the defendants St. Agnes Hospital and Dr. Kveta Polak, on October 16, 1978. The complaint alleged that "the defendants undertook and agreed to render medical care and treatment to the plaintiff herein [Sarah Shepard] and did render certain treatment between January, 1977 and May, 1977", that "[t]he defendants, their agents, servants and/or employees were negligent and careless in services rendered for and on behalf of the injured plaintiff", and, in general, that the defendants were chargeable with departures from accepted medical procedures. There are no allegations to the effect that any of the physicians defendants were employees of the hospital. Following the alleged service of the summons and complaint, the defendant hospital appeared in the action. Defendant Kveta Polak did not. By notice of motion dated January 18, 1980, defendant Polak moved, pursuant to CPLR 3215 (subd [c]) to dismiss the action as to her upon the ground that plaintiffs neglected, for a period in excess of one year, to apply for the entry of a judgment by default against said defendant. Annexed to the moving papers were the "summons and Complaint herein and a purported affidavit of service upon one, Kveta Polak, named as a defendant in this action." Shortly after defendant Polak brought on the aforesaid motion to dismiss, plaintiffs again caused her to be personally served with copies of the same summons and complaint by an individual, on January 27, 1980, and by the Sheriff of Westchester County, on January 30, 1980. By notice dated February 11, 1980, plaintiffs cross-moved for an inquest to assess damages against defendant Polak for her failure to appear and answer the complaint served on October 16, 1978. This was followed by defendant Polak's further motion, dated February 13, 1980, to dismiss the second action upon the ground that it was time barred by the two years and six months period of limitation of CPLR 214-a. In support of the first motion, to dismiss for lack of prosecution, counsel for defendant Polak stated, in his affirmation dated January 18, 1980, that he had recently received a communication from plaintiffs' attorneys in which was enclosed copies of the summons and complaint and the copy of an affidavit of service by a process server who swore that he personally served the same on the defendant Kveta Polak on October 16, 1978. Counsel also asserted that, although defendant Polak claimed not to have been served, the court need not consider the issue since the affidavit of service alleges delivery of the summons on October 16, 1978. He argued that the motion to dismiss should be granted under CPLR 3215 (subd [c]) because, apart from the credibility of the process server or validity of the purported service, personal service was alleged by plaintiffs to have been made on October 16, 1978, and they took no proceedings for the entry of judgment by default within one year after the alleged service. It should be noted that, notwithstanding the allegations in defendant Polak's motion to dismiss, counsel for the plaintiffs relied upon the affidavit of service in question to contend that Polak was personally served with a copy of the

summons and complaint on October 16, 1978 and that, by not having appeared or answered, she was in default. As an additional argument urging the denial of defendant Polak's motion to dismiss and in support of plaintiffs' cross motion for an inquest to fix damages, it was contended that Dr. Polak "was and remains a physician employed by defendant St. Agnes Hospital * * * working in the emergency room" and "notwithstanding the *validity* of the service of the summons and complaint on defendant Polak on October 16, 1978, service on St. Agnes Hospital on the same day had the effect of *indefinitely* tolling the Statute of Limitations on defendant Polak, a codefendant united in interest, pursuant to CPLR 203(b) [and t]he undisputed service on defendant Polak on or about January 30, 1980 was, therefore, timely" (emphasis added). Since the plaintiffs assert that they personally served defendant Polak with a summons and complaint on October 16, 1978 and that she defaulted in appearing and answering, they were obligated to enter a default judgment against her within one year of her default or have their action against her dismissed as abandoned (CPLR 3215, subd [c]). Plaintiffs have failed to demonstrate any excuse whatever for their failure to timely enter a default judgment against defendant Polak, and, accordingly, Special Term properly dismissed their initial complaint against her. A dismissal under CPLR 3215 (subd [c]) is for failure to prosecute (see 4 Weinstein-Korn-Miller, NY Civ Prac, par 3215.15; 13 NY Jud Council Rep [1947], 213, 226). Consequently, it is not on the merits unless the court specifically notes that it is a merits dismissal (4 Weinstein-Korn-Miller, NY Civ Prac, pars 3215.15, 3216.03; Siegel, New York Practice, § 375) and does not bar a new action between the parties on the same cause of action. In this case the second service of a summons and complaint on defendant Polak constituted the commencement of a new action on the same cause of action. Because dismissal of the initial action was for want of prosecution, the provisions of CPLR 205 (subd [a]) are inapplicable, and the commencement of the new action must have been within the original period of limitation. The plaintiffs' cause of action accrued with the alleged act of malpractice on February 9, 1977 and had to be interposed on or before August 9, 1979. Accordingly, the second service of the summons and complaint on defendant Polak on January 27 or 30, 1980 was not timely. Plaintiffs rely, however, upon the unity of interest rule of CPLR 203 (subd [b]) to advance the date of claim interposition on defendant Polak to the earlier date of October 16, 1978 upon which plaintiffs commenced the first action against St. Agnes Hospital. CPLR 203 (subd [b]) states in relevant part that "[a] claim asserted in the complaint is interposed against the defendant *or a co-defendant* united in interest with him when: 1. the summons is served upon the defendant" (emphasis added). Assuming, *arguendo,* that defendant Polak was an employee of the hospital and that they are united in interest because of that relationship and the nature of plaintiffs' claim (see *Connell v Hayden,* 83 AD2d 30, 46-49), we hold that the claim interposition rule of CPLR 203 is, nevertheless, inapplicable because Polak is no longer the codefendant of St. Agnes Hospital. Although we said in *Morrison v Foster* (80 AD2d 887) that the effect of CPLR 203 (subd [b]) is to "permanently" deprive all codefendants of the defense of the Statute of Limitations, the statute requires that, at the time of the later service on defendant B, he or she be a codefendant of defendant A, who was timely served. Dismissal of the initial action against defendant Polak for plaintiffs' neglect to prosecute effected a severance (cf. CPLR 3215, subd [a]). Accordingly, CPLR 203 (subd [b]) does not apply to permit the date of the second interposition of plaintiffs' claim against Polak to relate back to the earlier date that plaintiffs commenced the first action against the hospital. This result is consistent with the policy expressed in CPLR 205 (subd [a]), which denies any extension of the

Statute of Limitations to new actions commenced after a dismissal for neglect to prosecute. Titone, J. P., Gibbons, O'Connor, and Thompson, JJ., concur.