**MOBIL CORPORATION, Mobil Oil Corporation, and William P. Tavoulareas, Plaintiffs,**

v.

**SECURITIES AND EXCHANGE COMMISSION, John S.R. Shad, Chairman, John R. Evans, Bevis Longstreth, Philip A. Loomis, Jr., Barbara S. Thomas, Commissioners, and Edward A. Wilson, FOIA Officer, Defendants,**

**and**

**The Washington Post Company, Applicant for Intervention.**

**No. 82 Civ. 4194 (KTD).**

United States District Court, S.D. New York.

Oct. 14, 1982.

68

Milbank, Tweed, Hadley & McCloy, New York City, for plaintiffs; William E. Jackson, Bruce J. Baker, New York City, of counsel.

Linda D. Fienberg, Associate General Counsel, Richard M. Humes, Asst. General Counsel, Harry J. Weiss, Sp. Trial Counsel, C. Timothy Smoot, Atty., Washington, D.C., Anne C. Flannery, Chief Trial Counsel, New York City, for Securities and Exchange Commission.

Parker, Auspitz, Neesemann & Delehanty P.C., New York City, for The Washington Post Co.; Barrington D. Parker, Jr., Charles S. Barquist, Hollis L. Hyans, New York City, of counsel.

## MEMORANDUM & ORDER

KEVIN THOMAS DUFFY, District Judge:

On June 25, 1982, a complaint was filed by Mobil Corporation, Mobil Oil Corporation, and Mobil's President William P. Tavoulareas (collectively "Mobil") seeking to overturn a decision by the Securities and Exchange Commission ("SEC") ordering the disclosure of certain Mobil documents pursuant to a Freedom of Information Act ("FOIA") request by the Washington Post Company ("Post").

The Post has moved to intervene in this action to oppose the reversal of the SEC's disclosure determination. Neither party opposes this part of the Post's application to intervene. The Post also has filed a cross-claim against the SEC to obtain a reversal of the part of the SEC's original FOIA determination that had denied disclosure of certain documents. Both Mobil and the SEC have opposed the cross-claim on jurisdictional and procedural grounds.

On September 13, 1982, the parties were notified by letter that I was considering a transfer of this case to the United States District Court for the District of Columbia. I requested all parties' views on the motion, including the applicant for intervention, the Post. All parties responded in writing to my letter. The SEC supported the transfer, and Mobil opposed the motion. Curiously, despite the strength of the jurisdictional attack on the Post's cross-claim, the Post opposes the transfer motion.

I conclude for the reasons set forth below, that transfer of this case to the District of Columbia District Court pursuant to 28 U.S.C. § 1404(a) (1976) is appropriate.

### FACTS

On August 3, 1981, the Post filed a FOIA request with the SEC seeking documents relating to an SEC private investigation of the relationships among Mobil Corporation, Mobil Oil Corporation and Mobil's President William P. Tavoulareas, the plaintiffs in the instant action, and Saudi Maritime Company ("Samarco"), Atlas Maritime Company ("Atlas"), and Peter W. Tavoulareas, William's son and a principal of Atlas. The SEC's investigation focused on the participation of Mobil in the organization of Samarco and Atlas, and in Samarco's retainer of Atlas to manage a fleet of oil tankers. During the investigation, plaintiffs and certain other persons had furnished documents and testimony to the SEC pursuant to SEC subpoenas.

When the completed SEC investigation did not result in an enforcement proceeding against any of the investigation's targets for violation of the federal securities laws,

the Post filed its FOIA request. Mobil objected to disclosure of the documents, requesting confidential treatment. The SEC, however, eventually determined that most of the documents could be released, except for some that Mobil claimed would cause it substantial injury upon disclosure.

### I.

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a) (1976). The transfer may be made upon motion by either party or by the court *sua sponte. See, e.g., Starnes v. McGuire,* 512 F.2d 918 (D.C. Cir.1974); *I–T–E Circuit Breaker Co. v. Becker,* 343 F.2d 361 (8th Cir. 1965). The parties should be provided notice and an opportunity to be heard when transfer is proposed *sua sponte* by the court. *Starnes v. McGuire, supra; Nat'l Acceptance Co. v. Wechsler,* 489 F.Supp. 642 (N.D.Ill.1980); *Riordan v. W.J. Bremer, Inc.,* 466 F.Supp. 411 (S.D.Ga.1979). My September 13, 1982 letter to all parties and the written responses constitute sufficient notice and opportunity to be heard.

The threshold question in this case is whether the district to which the case is transferred is one "where it might have been brought." None of the parties claim that this action could not have been brought in the District of Columbia. It is worth noting that federal question subject matter jurisdiction is still proper in the transferee forum. Venue also is proper under 28 U.S.C. § 1391(b) since the claim arose in the District of Columbia, and the defendant SEC "resides" there. Finally, personal jurisdiction is valid over all parties including Mobil. Therefore, I will turn to whether this action should be transferred according to the standard set out in section 1404(a).

### II.

Section 1404(a) is not merely a codification of the doctrine of *forum non con-*

*veniens.* *Norwood v. Kirkpatrick,* 349 U.S. 29, 32, 75 S.Ct. 544, 546, 99 L.Ed. 789 (1955). Rather, this section is designed to give the trial court broader discretion to transfer the action than it held under that doctrine. Section 1404(a) analysis proceeds along two lines. First, the private interest of the parties should be analyzed; and second, the public interest in obtaining efficient use of judicial resources should be examined.

1. The Private Interests of the Litigants

The Post and Mobil provide little argument in opposition to the transfer of this suit. Mobil claims that "[a]lthough ... it does not appear that it will be necessary to call witnesses," if it did become necessary, the witnesses would be executives housed in New York. September 20, 1982 Letter From Mobil's Counsel at 2. The Post also admits that this case probably could be decided on the pleadings. September 28, 1982 Letter From the Post's Counsel at 1. The convenience of witnesses, therefore, will be accorded limited weight in the transfer decision.

Mobil's and the Post's principal argument against transfer is simply that plaintiffs' traditional prerogative to choose its forum should not be disturbed absent "compelling reasons." *Id.;* Mobil's Letter at 3.

■ Plaintiffs choice of forum "is still entitled to substantial consideration, although not so much upon a motion to transfer under 28 U.S.C. § 1404(a) as upon a motion to dismiss for *forum non conveniens* ...." *A. Olinick & Sons v. Dempster Bros., Inc.,* 365 F.2d 439, 444 (2d Cir. 1965). The standard by which the plaintiffs' choice is overturned, however, is not a "compelling-reasons" standard. Rather, the standard is set by statute: "For the convenience of parties and witnesses, [and] in the interest of justice." The simple fact that the Southern District is plaintiffs' choice, therefore, does not address the issue whether the public and private interests affected by a transfer warrant the transfer or not. Thus, the Post and Mobil have presented unpersuasive opposition to the transfer motion. On the other hand, the SEC has provided persuasive reasons why this action should be transferred in the interest of the litigants.

■ First, the over 7,000 documents at issue are all located in the District of Columbia. Though, in the present day, the location of voluminous documents is not a particularly salient factor in a section 1404(a) determination, *American Standard, Inc. v. Bendix Corp.,* 487 F.Supp. 254, 261 (W.D.Mo.1980), it nonetheless merits attention. *Id.* This is especially true because Congress appears to have considered location of documents important by vesting jurisdiction in FOIA actions in the district "in which the agency records are situated ...." 5 U.S.C. 552(a)(4)(B).

A second reason for transfer concerns the Post's proposed cross-claim to reverse the portion of the SEC FOIA determination against disclosure. It is clear that the claim is a related one to the instant "reverse-FOIA" action; both claims arise out of the SEC's original FOIA determination.

It is likely, however, that the cross-claim is not assertable in the Southern District of New York. Both the SEC and Mobil have claimed that review of the SEC's non-disclosure decision must follow the appeal procedure set up under FOIA. As such, the Post can seek *de novo* review in the district in which the Post has its principal place of business or in the district in which the agency records are located—in either case, in the district of the District of Columbia—but not in the Southern District of New York. *See* 5 U.S.C. § 552(a)(4)(B) (1976). I need not decide whether this jurisdictional impediment prevents the assertion of the Post's cross-claim because this transfer removes such an obstacle to the cross-claim. It is a factor in my decision to transfer this action, however, and one that goes to the root of the Post's interests in this litigation. To continue this litigation without the Post's counterclaim would be a waste of judicial resources in addition to being a major source of inconvenience to the Post. A transfer of this action prevents the possibility that the Post would have to pursue its FOIA claim in two different district courts.

I find very little prejudice to outweigh the positive affects transfer will have on the litigants. No or few witnesses are necessary in this suit. The documents are in the District of Columbia. The Post's principal place of business and the SEC are located there. Mobil has offices in the District of Columbia. Therefore, little prejudice results from transfer of this action.

2. The Public Interest in Transfer

Like the private litigants' interests, I find that the public's interest in preserving scarce judicial resources also weighs heavily in favor of this action's transfer to the District of Columbia. One of Mobil's principal claims in the instant suit involves a protective order issued by Judge Oliver Gasch of the United States District Court for the District of Columbia in an action entitled *Tavoulareas v. Piro,* No. 80–2387 (D.D.C.). *See* Complaint, First Cause of Action. Mobil claims that this protective order is a judicial determination of the confidentiality of the documents. Allowing Judge Gasch to interpret the scope of his protective order would be the most efficient use of judicial resources. Moreover, a transfer to the District of Columbia court avoids duplication of judicial efforts since that court has at least some familiarity with these documents. Thus, the public interest in conserving judicial resources strongly supports my decision to transfer this action.

In sum, the balance of convenience and the interests of justice dictate a transfer of this action. Accordingly, this action is transferred to the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1404(a).

SO ORDERED.