■ TODD EQUIPMENT LEASING COMPANY, INCORPORATED, Respondent, v LOGISTIC DISTRO DATE, INC., et al., Defendants, and EDWARD D. BRIGHT, Appellant. — In an action, *inter alia,* to collect on a guarantee, defendant Edward D. Bright appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Nassau County (Roncallo, J.), dated June 19, 1981, which, *inter alia,* denied his motion to dismiss the action on the grounds of lack of jurisdiction and the Statute of Limitations. Order affirmed insofar as appealed from, with $50 costs and disbursements. The principal issues raised on this appeal are whether our courts have acquired in personam jurisdiction over defendant Bright and whether plaintiff's cause of action against him to recover on a guarantee of payment of the rents due on a lease of equipment is barred by the Statute of Limitations. Since defendant Bright concedes that he was served with a copy of the summons and complaint on November 19, 1979, it is clear that our courts have obtained jurisdiction over his person (cf. *Morrison v Foster,* 80 AD2d 887, 888). With respect to the Statute of Limitations question, plaintiff's cause of action is founded upon an alleged breach by defendant Bright and his codefendants Smith and Hayutin, of their contractual obligation guaranteeing the payments due under the lease, and the claim must therefore have been interposed within six years from the breach (CPLR 213, subd 2). The contract of guarantee was jointly signed by Bright, Smith and Hayutin on December 10, 1968. It is undisputed that the codefendant Smith was served with the summons and complaint on June 21, 1974, within six years from the making of the contract and therefore certainly within six years from its alleged breach. We hold that the Statute of Limitations is not a bar to plaintiff's claim against Bright since with respect to that claim he is united in interest with his codefendant Smith and accordingly the date of claim interposition upon Bright relates back to the earlier date upon which Smith was served (CPLR 203, subd [b]; *Connell v Hayden,* 83 AD2d 30, 42-43). Damiani, J. P., Thompson, Bracken and Boyers, JJ., concur.

■ TOWN OF GREENBURGH, Appellant, v VICTOR S. BAHOU et al., Constituting the Civil Service Commission of the State of New York, et al., Respondents, and ELEANOR MCDONALD, Intervenor. — In an action to declare certain positions within the Town of Greenburgh to be in the exempt class of the State civil service, plaintiff appeals (1) from an order of the Supreme Court, Westchester County (Burchell, J.), entered October 2, 1981, which granted the motion of Eleanor McDonald for leave to intervene, vacated a stipulation dated December 9, 1976 and dismissed plaintiff's action unless a note of issue and statement of readiness were filed within a certain time, and (2) from a further order of the same court, entered January 18, 1982, which denied plaintiff's motion denominated as one for leave to renew. Order entered October 2, 1981, affirmed, without costs or disbursements. No opinion. Plaintiff's time to file a note of issue and statement of readiness is extended until 20 days after service upon it of a copy of the order to be made hereon, with notice of entry. Appeal from the order entered January 18, 1982 dismissed, without costs or disbursements. Plaintiff's motion to renew was, in reality, a motion to reargue, as no new matter was presented which was unavailable prior to the order entered October 2, 1981 (see *Matter of Samson v County of Nassau,* 78 AD2d 657; *Flock v Flock,* 81 AD2d 605). The law is clear that an order denying a motion for leave to reargue is not appealable (see, e.g., *Matter of Carillo v Axelrod,* 83 AD2d 552). O'Connor, J. P., Bracken, Brown and Niehoff, JJ., concur.