Elizabeth TORRES, Plaintiff,

v.

Eusebio TORRES and John Kessler, Defendants.

No. 84 CV 2947.

United States District Court,
E.D. New York.

March 6, 1985.

Santangelo, Santangelo & Cohen by Marc A. Bernstein, New York City, for plaintiff.

Rivkin, Leff & Sherman by Craig J. Bruno, Garden City, N.Y., for defendants.

## MEMORANDUM AND ORDER

McLAUGHLIN, District Judge.

Plaintiff in this diversity action seeks damages for injuries allegedly suffered when the car, driven by defendant Eusebio Torres, in which she was a passenger was hit by defendant Kessler's car. Defendant Kessler moves to dismiss the claim against him, on the ground that the Court lacks jurisdiction over his person. Fed.R.Civ.P. 12(b)(2). Plaintiff, in turn, requests that, in the event the Court determines that it lacks personal jurisdiction over defendant Kessler, the Court transfer this action to the Middle District of Pennsylvania. 28 U.S.C. § 1404(a).

### Facts

The accident occurred in Pennsylvania on January 6, 1984. Plaintiff is a citizen of Puerto Rico. Defendant Torres, who has not appeared in the action, is a citizen of New York. Defendant Kessler, is a citizen of Pennsylvania.

### Discussion

■ Clearly, this Court lacks personal jurisdiction over defendant Kessler, a Pennsylvania domiciliary who lacks any contact with New York that would be sufficient to form a basis for extra-territorial service of process. *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). Vehicle and Traffic Law § 253, New York's nonresident motorist statute, is inapplicable since the accident did not occur in New York. Moreover, plaintiff has pointed to no provision of New York's long-arm statute which would provide a basis for personal jurisdiction over defendant Kessler. *See* C.P.L.R. § 302(a).

Indeed, plaintiff has put forth no argument whatsoever as to the Court's personal jurisdiction. Instead, plaintiff relies on the argument that defendant has waived his right to assert the jurisdictional defect since his 12(b) motion was untimely. I am not persuaded by this argument.

According to plaintiff's proof of service, plaintiff's process-server affixed the summons and complaint to defendant's door on August 18, 1984, and then mailed copies to defendant on August 23, 1984. On September 26, 1984, Kessler served plaintiff with the instant motion to dismiss.

■ Assuming *arguendo* that plaintiff's use of the "nail and mail" statute was proper, defendant's thirty days in which to appear or serve an answer began to run ten days after plaintiff filed proof of service.[1] C.P.L.R. § 308. *See Copper v. Prokos,* 51 Misc.2d 757, 273 N.Y.S.2d 890, 891 (Suffolk County 1966). There is no evidence, however, as to when proof of service was actually filed. The first documentation that process was served was submitted on October 29, 1984, as an exhibit to plaintiff's sur-reply affirmation. Accordingly, proof of service is deemed to have been filed with the Court on that date. Thus, technically, defendant made the instant motion before his time to respond had even begun to run.

■ Moreover, even if service was proper under the federal rules, a point I need not decide,[2] plaintiff's waiver argument is

---

1. Clearly, where service is made pursuant to a state statute authorizing extra-territorial service of process, the time within which a defendant must answer is measured according to the period prescribed by the state statute. Fed.R.Civ.P. 12(a).

2. In her moving papers, plaintiff argues further that service on defendant Kessler was valid under Fed.R.Civ.P. 4(c)(2)(C)(ii) which authorizes service by mail. A defendant served pursuant to this Rule would be required to respond within 20 days of service of process. Fed.R.Civ.P. 12(a). Although it is questionable whether plaintiff has complied with the requirements of that rule, I need not decide the point in view of my decision to transfer the claim to the Middle District of Pennsylvania. *Cf. Corke v. Sameiet M.S. Song of Norway,* 572 F.2d 77, 78 n. 4 (2d

nonetheless inappropriate. Where, as here, a defendant asserts the defense of lack of personal jurisdiction in his first responsive pleading, the federal courts have been reluctant to deem the defense waived merely because the pleading was served a few days late. *See Foss v. Klapka*, 95 F.R.D. 521, 522 (E.D.Pa.1982); *United Advertising Agency, Inc. v. Robb*, 391 F.Supp. 626, 631 (M.D.N.C.1975); C. Wright and A. Miller, 5 *Federal Practice and Procedure*, § 1391 at 856 (1984). In any event, this seems to be an appropriate instance in which to invoke the Court's discretionary power to enlarge the time for serving an answer. Fed.R.Civ.P. 6(b). *See* C. Wright and A. Miller, § 1346 at 529. Accordingly, I find that defendant has not waived the defense of lack of personal jurisdiction.

█ Plaintiff requests, however, that, in lieu of dismissal, the Court transfer the action to the Middle District of Pennsylvania. 28 U.S.C. § 1404(a). Clearly, this Court "has [the] power to transfer the case even if there is no personal jurisdiction over the defendants, and whether or not venue is proper in [this] district, if a transfer would be in the interest of justice." [3] *Volk Corp. v. Art-Pak Clip Art Service*, 432 F.Supp. 1179, 1181 (S.D.N.Y.1977) (footnotes omitted). *See Corke v. Sameiet M.S. Song of Norway*, 572 F.2d 77, 80 (2d Cir.1978).

Although defendant Kessler in his reply affirmation, did not address plaintiff's request to transfer, he essentially conceded in his original motion papers that the Middle District of Pennsylvania is the correct forum. Defendant noted that, as a Pennsylvania resident, he is subject to the jurisdiction of that Court, that the accident occurred there, and that the key witnesses and treating physicians reside there. Indeed, defendant asserted that he would suffer undue hardship if the matter were tried outside Pennsylvania.

Clearly, venue would be proper in the Middle District of Pennsylvania. 28 U.S.C. § 1391(a). Finally, it is noted that defendant Torres, who has not appeared in this action, would be subject to the jurisdiction of a federal court in Pennsylvania under Pennsylvania's non-resident motorist statute. 75 P.S. § 2001. *See Burbank v. Grant*, 56 F.R.D. 484, 486 (E.D.Pa.1972). While it appears that the interests of justice would be served by transferring the entire action to the Middle District of Pennsylvania, I am presently reluctant to transfer the claim against defendant Torres because it is unclear whether he has been given notice and an opportunity to be heard. *Cf. Mobil Corp. v. Securities and Exchange Commission*, 550 F.Supp. 67, 69 (S.D.N.Y.1982).

Accordingly, it is hereby ORDERED that within ten (10) days of the date of this Order plaintiff shall file with the Court proof of service on defendant Torres of the summons and complaint, plaintiff's motion to transfer and a copy of this Order. Notice is hereby given that if no opposition is filed by defendant Torres within twenty (20) days of the filing of proof of service, the action will be transferred to the Middle District of Pennsylvania. Failure of plaintiff to comply with this Order will result in dismissal of the claim against defendant Torres for failure to prosecute. Fed.R. Civ.P. 41(b).

SO ORDERED.

---

Cir.1978); *Essex Crane Rental Corp. v. Vic Kirsch Construction Company, Inc.*, 486 F.Supp. 529, 532 (S.D.N.Y.1980).

**3.** This case dramatically illustrates the mischief of the rule that personal jurisdiction over a defendant is not a prerequisite to a transfer. Although the rule is settled in this Circuit, it remains an open inducement to the sloppy service of process so evident in this case. Apart from constitutional difficulties with asserting jurisdiction—even jurisdiction to transfer—over a defendant who lacks any contacts with New York, I see no reason in logic or policy why this Court should become a clearing house for lawsuits that should have been started elsewhere.