■ SUZAN MCCORMACK, Appellant, v FRANCES A. GOMEZ et al, Respondents.—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Benson, J.), dated October 10, 1986, which dismissed the complaint against both defendants for lack of in personam jurisdiction.

Ordered that the order is modified, on the law, by deleting therefrom the provisions dismissing the complaint as against both defendants and by substituting therefor a provision dismissing the complaint only as against the defendant Frances Gomez; as so modified, the order is affirmed, without costs or disbursements. The time of the defendant Emily Gomez to answer is extended until 20 days after service upon her of a copy of this decision and order, with notice of entry.

The plaintiff was allegedly injured on January 26, 1983, while ice skating on a rink located in Dutchess County which was allegedly owned and operated by the defendants. The plaintiff attempted to commence an action against the defendants by service of process upon them in New York. The plaintiff discovered that the defendants no longer resided in New York State and had moved to Virginia. With the three-year Statute of Limitations about to expire, the plaintiff delivered a copy of the summons and complaint to the Sheriff of Dutchess County. As a result of this act the plaintiff obtained, pursuant to CPLR 203 (b) (5), an additional 60 days from January 28, 1986, to properly serve the defendants. Specifically, CPLR 203 (b) (5) provides:

"§ 203. Method of computing periods of limitation generally * * *

"(b) Claim in complaint. A claim asserted in the complaint is interposed against the defendant or a co-defendant united in interest with him when * * *

"5. The summons is delivered to the sheriff of that county outside the city of New York * * * in which the defendant resides, is employed or is doing business, or if none of the foregoing is known to the plaintiff after reasonable inquiry, then of the county in which the defendant is known to have last resided, been employed or been engaged in business, or in

which the cause of action arose; or if the defendant is a corporation, of a county in which it may be served or in which the cause of action arose; provided that:

"(i) the summons is served upon the defendant within sixty days after the period of limitation would have expired but for this provision".

The record indicates that the plaintiff effectuated substituted "nail and mail" service *(see,* CPLR 308 [4]) upon the defendants at their residence in Richmond, Virginia, on March 5, 1986, and March 6, 1986, respectively, i.e., within the 60-day extension. Specifically, one copy of the summons and complaint was affixed to the front door of, and one copy was mailed to, the Virginia residence.

In dismissing the complaint against both defendants for lack of in personam jurisdiction the Supreme Court, Dutchess County, advanced three reasons: 1. Proof of the substituted service was not timely filed with the appropriate court clerk as required by CPLR 308 (4); 2. The plaintiff did not exercise due diligence to effectuate service of process pursuant to CPLR 308 (1) and (2) before she resorted to substituted service pursuant to CPLR 308 (4); and 3. One copy of process was served, and the process server's affidavit of service did not "indicate which defendant was served".

The first two reasons are insufficient to warrant a dismissal of the complaint against the defendants. First, it has been held that the late filing of proof of substituted service pursuant to CPLR 308 (4) is a mere irregularity *(Molyneaux v Sevilla,* 22 Misc 2d 450; *Hudela v Posner,* 70 Misc 2d 726). Second, the issue of lack of due diligence was not raised by the defendants in their papers submitted to the Supreme Court and is therefore deemed waived *(see,* CPLR 3211 [e], [a] [8]). The defendants argue that this issue can be raised for the first time on appeal. However, the cases that they cite in support of that argument are inapposite in that they do not involve the defense of lack of personal jurisdiction.

The failure of the plaintiff to serve two copies of process is more troubling. Both defendants were individually named in the summons and complaint. Accordingly, contrary to the plaintiff's argument, the fact that the defendants are husband and wife and lived in the same house did not relieve the plaintiff of affixing two copies of process to the door of the defendants' home and mailing two copies to the defendants' home *(cf., Continental Bank v White,* 112 AD2d 912, *appeal dismissed* 67 NY2d 938).

Nevertheless, the defendant Emily Gomez stated in an affidavit submitted to the Supreme Court that she found the copy of process affixed to her door, and received a copy in the mail. Since the substituted service of the one copy of process was admittedly made upon the defendant Emily Gomez, the complaint should not have been dismissed as against her. However, since a second copy of process was never served on the defendant Frances Gomez, the complaint should have been dismissed against him on the ground of lack of personal jurisdiction (see, Morrison v Foster, 80 AD2d 887). If the defendant Frances Gomez is ultimately served in a proper fashion, he will be able to raise the defense of Statute of Limitations, and a resolution of that issue will depend on whether he is "united in interest" with his wife Emily Gomez, who was timely and properly served, with respect to the instant claim (see, Morrison v Foster, supra).

We have examined the remaining arguments raised by the defendants with respect to alleged defenses to the service of process, and find them to be without merit. Mangano, J. P., Brown, Harwood and Balletta, JJ., concur.