■ STEWART FUNERAL SERVICE, INC., Respondent, v J. J. STOYER et al., Appellants.—Casey, J. Appeal from an order of the Supreme Court (Williams, J.), entered May 4, 1989 in Sullivan County, which denied defendants' motion to vacate a default judgment entered against them.

Plaintiff commenced this action to recover the amount of the funeral bill for services rendered to Mary Stoyer, the deceased wife of defendant J. J. Stoyer and the deceased mother of defendant James M. Stoyer. When defendants failed to answer or otherwise appear, plaintiff moved for a default judgment and thereafter an inquest on the amount of damages was held. Defendants moved to open the default judgment and Supreme Court denied the motion, resulting in this appeal.

Defendants sought to open the default on the grounds that plaintiff had never obtained personal jurisdiction over them and that the default was excusable. Defendants also claim that they have a meritorious defense. The record contains affidavits of service upon defendants pursuant to CPLR 308 (4), and defendants' affidavits in support of their motion contain no factual allegations to show that service was not

properly done in compliance with the requirements of CPLR 308 (4). On this appeal, defendants raise the question of whether there was compliance with the due diligence requirement of CPLR 308 (4). The affidavits of service show eight attempts to serve one defendant and 12 attempts to serve the other. Defendants did not assert a lack of due diligence in their motion to open the default and presented no evidence relevant to the issue in their affidavits. In these circumstances, we are of the view that defendants waived the issue and cannot raise it for the first time on appeal *(see, McCormack v Gomez,* 137 AD2d 504, 505).

Nor does the record contain any support for defendants' claim that their default was excusable. On the contrary, the record clearly establishes that defendants had notice of the action and ample opportunity to appear and defend, but chose not to do so. Defendants' claim of a meritorious defense is based upon conclusory allegations unsupported by any allegations of fact. Supreme Court's order denying defendants' motion to open the default judgment should, therefore, be affirmed.

Mahoney, P. J., Weiss, Levine and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.