■ MICHAEL BONACCI et al., Respondents, v RANDY PELIKAN et al., Appellants. [632 NYS2d 608] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (Kramer, J.), dated January 6, 1995, which, in effect, denied their motion to dismiss the complaint for lack of personal jurisdiction (*see,* CPLR 3211 [a] [8]) and directed that both defendants were to be deposed in Pennsylvania to determine whether either of the defendants was employed in New York at the time of the accident.

Ordered that the order is reversed, on the law, with costs, the defendants' motion is granted, and the complaint is dismissed.

The injured plaintiffs were involved in an automobile accident in New Jersey with a vehicle operated by the defendant Randy Pelikan and owned by the defendant Ernest Pelikan. The plaintiffs thereafter commenced the instant action against the defendants in the Supreme Court, Kings County. The defendants were residents of Pennsylvania. Service of the summons and complaint was purportedly made upon the defendants pursuant to Vehicle and Traffic Law § 253.

Since the accident occurred in New Jersey, Vehicle and Traffic Law § 253 is inapplicable (*see, Torres v Torres*, 603 F Supp 440; *Cosgrove v Weierman*, 3 AD2d 940). Since no other service was made, and the plaintiffs failed to establish any other jurisdictional basis over the defendants, the motion to dismiss should have been granted. Sullivan, J. P., Thompson, Copertino, Krausman and Florio, JJ., concur.