**DIAGNOSTIC RADIOLOGY ASSOCIATES, P.C., et ano., Petitioners,**

v.

**JEFFREY M. BROWN, INC., Respondent.**

**No. 00 CIV 1074 LAK.**

United States District Court, S.D. New York.

May 10, 2000.

**194**

Benjamin J. Golub, Rogovin Golub Bernstein & Wexler LLP, New York City, for Petitioners.

Joseph C. Amann, Cohen, Seglias, Pallas & Greenhall, P.C., Fair Haven, NJ, for Respondent.

## MEMORANDUM OPINION

KAPLAN, District Judge.

This case presents the novel question whether a judge of a United States court may serve as an arbitrator to resolve a private dispute.

### Facts

In 1997, petitioners were planning a major renovation of their medical offices in New York City. Their president was a personal friend of a United States District Judge for the Eastern District of New York. The judge was acquainted also with one of respondent's principals and allegedly introduced the parties to one another.

Without further knowledge or participation by the judge, the parties entered into an agreement pursuant to which the respondent agreed to perform construction management services for the petitioners. Also unbeknownst to the judge, but in view of the parties' high regard for him, a rider to the contract provided as follows:

"9.4.1 Notwithstanding anything to the contrary contained in Article 9, the Parties agree that in the event of any dispute between them, such dispute shall be submitted to the Honorable [judge] for his determination. The Parties agree that [the judge's] determination shall be final and binding on both of them. Such dispute shall be submitted to [the judge] within three (3) days after same occurring and both Owner and Construction Manager agree that neither shall be represented by legal counsel."

"9.4.2 In the event that [the judge] is prohibited by law from making any such final determination, the Parties agree to submit the dispute for final determination to that person to whom [the judge] [*sic*] designates. Such person shall act in place of the American Arbitration Association in connection with the dispute. Such person's [*sic*] determination shall be final and binding upon the Parties. Either Party may enter final judgment in any court of competent jurisdiction based upon the determination of such person." [1]

As too often happens, the construction project came to grief. Petitioners have asserted various claims against the respondent, the substance of which are not material to this matter. On May 3, 1999, counsel for the respondent wrote to the judge, informed him of the existence of the dispute, and solicited an indication of whether the judge was free and available to mediate the dispute or to designate a replacement.[2] Subsequently, however, the respondent took the position that the judge was prohibited from acting under applicable ethical rules.[3] As far as the record discloses, the judge never has responded to any of the parties' communications with respect to the proposed arbitration.

1. Golub Aff. Ex. A, Rider, ¶¶ 9.4.1–9.4.2.

2. *Id.* Ex. B.

3. *Id.* Ex. C. (Counsel mistakenly relied upon the Code of Judicial Conduct rather than the Code of Conduct for United States Judges but the error is immaterial in view of the substantially identical relevant provisions of the two codes.)

In due course, petitioners brought this proceeding to compel respondent to proceed to arbitrate before the judge.

*Discussion*

■ Judges of United States courts hold office "during good Behaviour,"[4] and there are very few direct statutory constraints on their actions.[5] Certainly the parties have cited no statute forbidding federal judges from serving as arbitrators, and the Court has found none. Nevertheless, Canon 5E of the Code of Conduct for United States Judges provides that "[a] judge should not act as an arbitrator or mediator or otherwise perform judicial functions in a private capacity unless expressly authorized by law." And while the Code is not itself a statute, violation of its provisions, depending upon the circumstances,[6] may be regarded as "conduct prejudicial to the effective and expeditious administration of the business of the courts" and thus provide a basis for discipline pursuant to statute.[7]

The Code of Conduct permits a federal judge to serve as an arbitrator or otherwise perform judicial functions in a private capacity only where expressly authorized by law. There is no express authority for doing so here. The judge therefore would violate the Code were he to arbitrate this dispute. Accordingly, this Court may not compel respondent to arbitrate before the judge. But that is not the end of the matter.

■ The question whether the judge properly might select a replacement arbitrator presents a distinct question. Section 5 of the Federal Arbitration Act ("FAA"), which governs here because the contract in question involved commerce,[8] provides in relevant part as follows:

"If in the agreement provision be made for a method of naming or appointing an arbitrator ..., such method shall be fol-lowed; but if no method be provided therein ... or if for any other reason there shall be a lapse in the naming of an arbitrator ..., then upon the application of either party to the controversy the court shall designate and appoint an arbitrator ... who shall act under the said agreement with the same force and effect as if he or they had been specifically named therein ...."[9]

Thus, at first blush, this might appear to authorize the judge now to appoint an arbitrator to serve in his stead. The difficulty with that view, however, is that the judge designated in the agreement is neither the undersigned nor even a member of this Court. In consequence, the appointment by him of a replacement would be a private act rather than a judicial function in a case properly before him. It therefore would run afoul of Canon 5E. But that also is not the end of the matter.

■ Section 5 of the FAA unquestionably authorizes the judge before whom this case is pending to select an arbitrator upon request of any of the parties in view of the failure of the mechanism to which they agreed to function. Moreover, Section 1404(a) of the Judicial Code[10] permits this Court to transfer this action to another district in which it might have been brought if such a transfer would be for the convenience of the parties and witnesses and in the interest of justice. If this case were transferred to the Eastern District and assigned to the judge designated in the agreement, that judge, upon request of a party, properly could appoint a replacement arbitrator pursuant to Section 5 of the FAA because his doing so would be the performance of a judicial function authorized by statute in a case pending before him. Moreover, the parties' mutual desire to have the matter arbitrated before a replacement appointed by the judge in the event he could

---

4. U.S. CONST., Art. III, § 1.

5. *But see, e.g.,* 28 U.S.C. § 454 (judge engaging in practice of law commits a high misdemeanor).

6. *See* Code of Conduct for United States Judges, Canon 1, commentary.

7. *See* 28 U.S.C. §§ 332(d)(1), 372(c).

8. 9 U.S.C. § 2. The contract was for the management of a substantial construction project in New York by a Pennsylvania construction management firm.

9. 9 U.S.C. § 5.

10. 28 U.S.C. § 1404(a).

not serve would be fulfilled. And if the case were transferred but not assigned to the judge, the parties would be in no different position than they are now—upon request, the judge assigned rather than the undersigned could appoint a replacement arbitrator. The Court therefore has considered *sua sponte* whether this action may and should be transferred to the Eastern District.[11]

The first question is whether this action "might have been brought" [12] in the Eastern District of New York, which requires consideration of whether the proposed transferee court would have had venue and subject matter jurisdiction and could have obtained personal jurisdiction.[13] Subject matter jurisdiction is based on diversity of citizenship, so that presents no difficulty. Nor would there have been there any obstacle to obtaining long arm jurisdiction over the defendant had the action been commenced in the Eastern District, as the availability of long arm jurisdiction depends upon its abundant contacts with the State of New York, not upon contacts with a specific federal judicial district.[14] Venue, however, requires further analysis.

In a single defendant action in which jurisdiction is based solely on diversity of citizenship, as is the case here, venue, so far as is relevant for present purposes, lies only in a judicial district in which (1) the defendant resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or (3) the defendant is subject to personal jurisdiction if there is no district in which the action may otherwise be brought.[15] The re-

spondent is a Pennsylvania corporation, and there is no evidence that it resides in the Eastern District of New York within the meaning of the Judicial Code.[16] As venue concededly is proper here, clause (3) is inapplicable. In consequence, venue would have been proper in the Eastern District only if a substantial part of the events or omissions giving rise to the claim occurred there, or if the respondent had waived any venue objection in advance of litigation.

It is critical for purposes of this analysis to focus precisely on the claim here in suit. While the underlying dispute between the parties pertains to the respondent's management of petitioners' Manhattan construction project, petitioners' claim here is that respondent has improperly failed to submit their dispute to arbitration before the judge in the Eastern District or a replacement designated by him. Thus, a substantial part of the omission giving rise to the claim that respondent improperly has failed to submit to arbitration as the parties agreed occurred in the Eastern District of New York. Moreover, by agreeing to arbitrate before the judge, the parties waived any objections to venue in that district.[17]

Having thus established that this action "might have been brought" in the Eastern District, it remains to consider whether a transfer would be for the convenience of the parties and witnesses and in the interest of justice. The factors ordinarily informing that determination are well established.[18]

---

**11.** A district court may transfer an action pursuant to 28 U.S.C. § 1404(a) on its own motion. *E.g., Clisham Mgmt. Inc. v. American Steel Bldg. Co.,* 792 F.Supp. 150, 157 (D.Conn.1992); *Kirby v. Mercury Sav. and Loan Ass'n,* 755 F.Supp. 445, 448 (D.D.C.1990); *Mobil Corp. v. SEC,* 550 F.Supp. 67, 69 (S.D.N.Y.1982); *Riordan v. W.J. Bremer, Inc.,* 466 F.Supp. 411, 417 (S.D.Ga. 1979); *see Starnes v. McGuire,* 512 F.2d 918 (D.C.Cir.1974) (*in banc* ).

**12.** 28 U.S.C. § 1404(a).

**13.** *E.g., Schechter v. Tauck Tours, Inc.,* 17 F.Supp.2d 255, 258 (S.D.N.Y.1998).

**14.** *See* FED. R. CIV. P. 4(e)(1) (permitting service pursuant to state law); N.Y. CPLR § 302(a), subd. 1 (permitting extraterritorial service with respect to claims arising from the transaction of

business or the contracting to supply goods or services in the state).

**15.** 28 U.S.C. § 1391(a).

**16.** *See* 28 U.S.C. § 1391(c) (corporate defendant in action in district court in multidistrict state in which it is subject to jurisdiction is resident of districts with which it has sufficient contacts to subject it to personal jurisdiction).

**17.** *E.g., Necchi Sewing Mach. Sales Corp. v. Sewline Co.,* 194 F.Supp. 602, 604 (S.D.N.Y.1960); *Farr & Co. v. The S.S. Punta Alice,* 144 F.Supp. 839, 840 (S.D.N.Y.1956), *aff'd sub nom. Farr & Co. v. Cia. De Navegacion De Cuba, S.A.,* 243 F.2d 342 (2d Cir.1957).

**18.** *See, e.g., Schechter v. Tauck Tours, Inc.,* 17 F.Supp.2d 255.

And here they are largely immaterial. The Brooklyn courthouse of the Eastern District lies just on the other side of the East River from this Court, about one mile away. Litigation is equally convenient in both. Hence, the issue is whether the petitioners' choice of this forum is substantially outweighed by the interest of justice that would be served by moving the case to a court in which the judge chosen by the parties to select a replacement arbitrator, but who is disabled from doing so as a private act, properly might do so if the case were duly before him. The answer in this Court's view is plainly affirmative.

### Conclusion

The motion to compel arbitration is denied in all respects and the action transferred forthwith to the United States District Court for the Eastern District of New York. This determination is without prejudice to an application by either side, on or before May 26, 2000, to the judge then presiding, whether or not the judge then presiding is the individual designated in the parties' agreement, to appoint an arbitrator pursuant to Section 5 of the Federal Arbitration Act.

SO ORDERED.