**BANCO DE SEGUROS DEL ESTADO, Plaintiff,**

v.

**EMPLOYERS INSURANCE OF WAUSAU, Defendant.**

**No. 01 CIV. 5995(LAK).**

United States District Court, S.D. New York.

Oct. 30, 2001.

Jorge W. Moreira, The Moreira Law Firm P.C., Burien, WA, for Plaintiff.

John Harris, Epstein Becker & Green, P.C., New York City, for Defendant.

## MEMORANDUM OPINION

KAPLAN, District Judge.

This action concerns a dispute over a 1995 arbitration award and a judgment previously issued in an action between these parties by the United States District Court for the Western District of Wisconsin. Now before the Court are the defendant's motion to dismiss or transfer the action to the Wisconsin court and plaintiff's cross-motion to stay defendant's motion or, in the alternative, to construe the judgment of the Wisconsin court and to fix the liabilities thereunder. The Court finds it necessary to reach only defendant's transfer motion.

In 1995, defendant obtained an arbitration award for more than $7 million against a group of reinsurers including the plaintiff. Defendant commenced proceedings against plaintiff in the Western District of Wisconsin and, on January 5, 1999, obtained a judgment confirming the award.[1] The judgment then was docketed in this Court and with the Clerk of New York County, and defendant began enforcement proceedings here.

Plaintiff, a Uruguayan entity owned by the government of that nation, commenced this action in July 2001, premising jurisdiction on alienage. The complaint alleges that the judgment transcript docketed in the county clerk's office is inaccurate and that the Wisconsin judgment of confirma-

---

**1.** The judgment was affirmed. *Employers Ins. of Wausau v. Banco De Seguros Del Estado,* 199 F.3d 937 (7th Cir.), *cert. denied,* 530 U.S. 1215, 120 S.Ct. 2218, 147 L.Ed.2d 251 (2000).

tion confirmed an ambiguous arbitration award. It "seeks construction of the judgment/arbitration award, a determination of its obligations under the judgment, an order vacating the transcript of judgment filed in New York and all restraining orders and information subpoenas issued thereunder" as well as a stay of enforcement pending the fixation of its liabilities by this Court.[2]

Defendant seeks dismissal of the complaint on the grounds that it is an impermissible collateral attack on the Wisconsin judgment and that venue does not lie in this Court. Alternatively, it seeks transfer to the Western District of Wisconsin, the court that rendered the judgment.

Defendant's notice of motion does not specify the statute upon which it grounds its transfer request. Its opening memorandum refers to 28 U.S.C. § 1406, which would apply only if venue were improper in this Court.[3] Plaintiff's memorandum, however, mistakenly assumed that transfer was sought under 28 U.S.C. § 1404(a) and briefed defendant's application on that premise.[4] Defendant thereupon embraced Section 1404(a) in its reply memorandum and now contends that transfer is appropriate under that statute.

As plaintiff has been fully heard on that issue, the Court treats the transfer motion as having been made under both statutes.[5] This has the benefit of permitting it to avoid determining the propriety of venue in this action and allowing it to focus on the real substance of this procedural wrangle: whether this action belongs here or in Wisconsin.

Section 1404(a) of the Judicial Code[6] permits transfer of an action for the convenience of parties and witnesses and in the interest of justice to any district in which it might have been brought. The factors informing consideration of such a motion are well established. "In considering whether a transfer would be for the convenience of the parties and witnesses and in the interest of justice, '[t]he plaintiff's choice of forum is entitled to substantial weight and will not be disturbed lightly.'"[7] Where, however, the plaintiff is an alien or a stranger to the forum with no connection to it, the degree of deference accorded its choice is diminished.[8] Whatever the degree of deference, however, considerations pertinent to assessing the balance of convenience "include (1) the convenience to the parties, (2) the convenience to the witnesses, (3) the relative

---

**2.** Cpt. ¶ 10.

**3.** Def. Mem. 10.

**4.** Pl. Mem. 6–7.

**5.** In any case, "[a] district court may transfer an action pursuant to 28 U.S.C. S 1404(a) on its own motion. *E.g., Clisham Mgmt. Inc. v. American Steel Bldg. Co.,* 792 F.Supp. 150, 157 (D.Conn.1992); *Kirby v. Mercury Sav. and Loan Ass'n,* 755 F.Supp. 445, 448 (D.D.C. 1990); *Mobil Corp. v. SEC,* 550 F.Supp. 67, 69 (S.D.N.Y.1982); *Riordan v. W.J. Bremer, Inc.,* 466 F.Supp. 411, 417 (S.D.Ga.1979); *see Starnes v. McGuire,* 512 F.2d 918 (D.C.Cir. 1974) (in banc)." *Diagnostic Radiology Assoc., P.C. v. Jeffrey M. Brown, Inc.,* 193 F.R.D. 193, 196 n. 11 (S.D.N.Y.2000).

**6.** 28 U.S.C. § 1404(a).

**7.** *Schechter v. Tauck Tours, Inc.,* 17 F.Supp.2d 255, 260 (S.D.N.Y.1998) (quoting *Thunder Island, Inc. v. A.G. Sport, Inc.,* No. 97 Civ. 4136(LAK), 1997 WL 599414, at *1 (S.D.N.Y.Sept. 26, 1997)).

**8.** *See Guidi v. Inter–Continental Hotels Corp.,* 224 F.3d 142, 145 (2d Cir.2000); *Capital Currency Exchange, N.V. v. Nat. Westminster Bank, PLC,* 155 F.3d 603, 609 (2d Cir.1998), *cert. denied,* 526 U.S. 1067, 119 S.Ct. 1459, 143 L.Ed.2d 545 (1999); *Murray v. British Broadcasting Corp.,* 81 F.3d 287, 289 (2d Cir. 1996); *Revson v. Claire's Stores, Inc.,* 120 F.Supp.2d 322, 327 (S.D.N.Y.2000).

ease of access to sources of proof, (4) the availability of process to compel the attendance of unwilling witnesses, (5) the cost of obtaining willing witnesses, (6) the practical problems indicating where the case can be tried more expeditiously and inexpensively, and (7) the interests of justice." [9]

Here there is no question that this action could have been brought in the Western District of Wisconsin—the defendant is organized under the laws of and has its principal place of business in that state.[10] Nor is there any question as to the balance of convenience or the interests of justice. All or substantially all of the pertinent evidence is in Wisconsin, and certainly little if any is in New York. Far more importantly, however, the action concerns the interpretation of a judgment of the proposed transferee court, a court, moreover, which already has substantial involvement with the parties' post-judgment disputes. There simply is no substantial reason to have this Court enter upon this well-plowed ground. Plaintiff's contention that transfer should be denied in view of this Court's presumptively greater familiarity with the New York law concerning the enforcement of judgments, while it might be flattering if it were not so transparent a ploy to shop for another judge perhaps more favorably disposed to plaintiff, is captious. The judge in the Western District of Wisconsin is fully capable of dealing with any New York law questions that might arise. In all the circumstances, both the convenience of the parties and witnesses and the interest of justice overwhelmingly favor transfer and thus overcome such weight as plaintiff's choice of forum might merit.

The defendant's motion to dismiss or transfer is granted to the extent that the action is transferred to the United States District Court for the Western District of Wisconsin and left undisposed of in all other respects. Plaintiff's cross-motion is denied in all respects without prejudice to renewal before the transferee court.

SO ORDERED.

---

**9.** *Schechter,* 17 F.Supp.2d at 260 (citing *Karriem v. Amer. Kennel Club,* 949 F.Supp. 220, 221 (S.D.N.Y.1996)).

**10.** *See* 28 U.S.C. § 1391.